# ANDRES GARZA V. M. C. CAVAZOS ET AL.

No. A-1915. Decided May 25, 1949.
Rehearing overruled June 29, 1949.
(221 S. W., 2d Series, 549.)

*Oxford & Ramsour* and *Royce A. Oxford,* of Edinburg, for petitioners.

The Court of Civil Appeals erred in holding that the will of Sabas Longoria vested title to all the property in controversy in Nazaria M. Longoria. Little v. Birdwell, 27 Texas 688; Ellsworth v. Aldrich, 295 S. W. 206; Stringfellow v. Early, 40 S. W. 871.

*Strickland, Ewers and Wilkins* and *J. E. Wilkins,* all of Mission, *Kelley, Looney, McLean and Enochs,* of Edinburg, *John A. Pope,* of Rio Grande City, *Greer, Cox & Patterson,* of McAllen, *J. A. Jones,* of Raymondville, *Hall, Henrichson and Rawlins, Kelley, Looney, McLean and Enochs* and *T. J. Badger,* all of Edinburg, for respondents.

A deed of partition does not confer or convey title, but merely dissolves the tenancy in common. It is a partition of possession and not of the title. Chace v. Gregg, 88 Texas 552, 32 S. W. 520; Davis v. Agnew, 67 Texas 206, 2 S. W. 43; Houston Oil Co. v. Kirkindall, 136 Texas 103, 145 S. W. (2d) 1074.

ON MOTION FOR REHEARING.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Both petitioner and respondents have filed motions for rehearing of this cause in which each seeks to set aside the judgment heretofore rendered. For the first time the question has been raised that since Trinidad Longoria may be the remainderman as to the whole of Share No. 7, hereinafter described, limitation would not run against him during the lifetime of his mother, Nazaria Longoria. We have reached the conclusion that the original opinion should be withdrawn and not published and that this opinion be sustituted therefor.

This is a suit in trespass to try title brought in the District Court of Hidalgo County, Texas, by Andres Garza as plaintiff below, and who is the petitioner herein, against M. C. Cavazos, Nazaria Longoria and others claiming title to portions of Share No. 7 set aside in partition suit B-4437, District Court, Hidalgo County, Texas. It is admitted by all parties in their briefs in this Court that the trial court gave only limited relief to Andres Garza on the theory that he had not proved common source of title to more than the 100 acres of land described in the judgment. The judgment of the trial court awarded the 100 acres to Andres Garza and awarded a certain described 20 acres to

M. C. Cavazos; awarded a certain described 30 acres to respondents Jesse G. Foster and F. G. Garza; recognized the validity of an oil, gas and other mineral lease executed by Nazaria alone to Andrews, Krueger and Cameron; also recognized the title of Carmen C. Garza to the west 150 acres of Share No. 7 and the title to the Magnolia Petroleum Company to an oil, gas and other mineral lease on said west 150 acres.

The record shows that Sabas Longoria owned two tracts of land approximating 1600 acres as his separate property at the time of his death. Sabas Longoria married Nazaria sometime prior to January 27 ,1906, when he executed his will wherein he left all of his property to his wife Nazaria. Prior to the marriage of Sabas and Nazaria a child, Manuel, was born to Nazaria and there is evidence in the record to the effect that Sabas was the father of Manuel. The record does not show whether or not Sabas recognized Manuel as his son after Sabas' marriage to Nazaria, as is required by Article 2581, Revised Civil Statutes, 1925, in order for Manuel to inherit under his father. Of course, if he were not so recognized, the law is clear that he would inherit nothing from his father. After Sabas made his will in 1906 his son Trinidad was born in 1911 to his wife Nazaria. Sabas died in 1918 without having revoked or changed his will. Trinidad was living at the time of the trial of this case and was also married so he had attained the age of 21 years in accordance with Article 8293 of the Revised Civil Statutes.

In June of 1919 Nazaria filed an application to probate the will of Sabas in the Probate Court but nothing further was done by her under this application until after the present suit had been filed. Prior to June of 1947, Nazaria filed an amended application for the probate of Sabas' will as a muniment of title and the Probate Court of Hidalgo County admitted the will for probate in June 1947.

The petitioner claims under a judgment in partition rendered in Cause No. B-4437 by the District Court of Hidalgo County on January 26, 1925, as of November 10, 1924. He had a deed from Nazaria in January of 1946 wherein there is conveyed to petitioner 150 acres of land out of the east 250 acres of Share No. 7 as described in the judgment in the partition suit above referred to. Petitioner also has a deed from Trinidal Longoria to all of his interest in the 400 acres of land allotted by Share No. 7. This deed is dated December 1946. In addition petitioner has a deed dated November 20, 1946, from certain parties pur-

porting to be the heirs of Ruperto Rosales, named as an allottee of Share No. 7 in the judgment of partition.

Respondents contend that petitioner did not prove common source of title so as to permit him to recover anything; and that the will of Sabas when probated vested title to the whole of Share No. 7 in Nazaria. All of respondents claim under Nazaria and therefore contend that their title is superior to that of the petitioner and that the judgment rendered by the trial court is correct.

The petitioner in the partition suit No. B-4437 is not contained in the record but the record does show the pleadings of Nazaria and of Trinidad in such partition suit and also the pleadings of the intervenor, J. R. Alamia. These pleadings and the judgment of the court entered in the partition suit show that an agreed judgment was entered in said partition suit and that all parties had compromised their differences. The plea of intervention filed by J. R. Alamia shows that in January of 1920 Nazaria Longoria individually purporting to act as independent executrix and sole devisee under the will of Sabas Longoria, entered into a contract with the intervenor Alamia appointing him as her lawful agent and attorney in fact to recover the 1607 acres of land belonging to Sabas and to take possession of the same, to institute suits for the recovery of title and possession of said land, employ counsel to prosecute or assist in prosecuting said suits and to do and perform all things concerning said lands that Nazaria might or could do, etc.

The petitioner has assigned error to the holding of the Court of Civil Appeals that Nazaria took title to the whole of Share No. 7 by virtue of the will of Sabas Longoria. It was stipulated by all parties that Share No. 7 in said partition suit was a part of the land owned by Sabas Longoria at the time of his death.

■ This logically brings for consideration the effect of the partition judgment in Cause No. B-4437. Nazaria Longoria Rosales and her husband, Ruperto Rosales, and Trinidad Longoria were all parties to this suit and their rights were disposed of according to law. The petitioner claims that the above partition judgment bound all parties, whereas the respondents claim that the will of Sabas Longoria when it was probated in June, 1947, gave Nazaria title to all of Share No. 7. The Court of Civil Appeals in its opinion holds that Nazaria received all title under this probate. The partition judgment shows on its face to be an agreed judgment between all of the parties and on its face

the judgment is approved as to the minor, Trinidad Longoria. Share No. 7 was one of some 15 shares set out in such judgment. As far as the record in this case shows, from November 10, 1924, until the trial of this cause no attack had been made on the partition judgment. The record shows that no appeal was taken and therefore it became and is a final judgment by a court of competent jurisdiction. We believe under these facts and under the law Nazaria Longoria and Trinidad Longoria, the heirs of Ruperto, and the respondents herein as grantees from Nazaria are bound by this partition judgment and are estopped at this late date to deny its validity, or to claim under the will of Sabas Longoria adversely to the partition judgment.

See White v. White,, 142 Texas 499, 179 S. W. (2d) 503; Kuteman v. Williams et al (TCA) 172 S. W. (2d) 370; Bankston v. Bankston (TCA) 206 S. W. (2d) 839; and McWhorter v. Gray (TCA) 4 S. W. (2d) 302.

■ While it is true that title is not passed in a partition proceeding, the person who receives a specific share of property holds the same to the exclusion of the other joint tenants or co-owners who had equal right to possession with him.

Partition judgments cannot be collaterally attacked, except under the same rule permitting attacks on other judgments.

See 32 Tex. Jur. p. 159, Partition, sec. 14.

■ It has been held that the decree of partition is prima facie proof as to those in privity of title that a part owner has title to land which has been allotted to him. Word v. Drouthett, 44 Texas 365, 32 Tex. Jur. p. 202, Note 16.

Further, we find that a judgment duly entered is res judicata as to the matters therein decided.

See 26 Tex. Jur. p. 34, Judgments, sec. 363, 364; 40 Am. Jur. p. 61, Partition, sec. 74; Millican v. Millican, 24 Texas 426.

We think that the above authorities demonstrate that the partition judgment is binding on all parties to this suit. Wade v. Wade. 140 Texas 339, 167 S. W. (2d) 1008.

It follows from what we have said above that the probating of the will of Sabas which was had in June of 1947 did not affect the title to Share No. 7 as it had existed under the judgment of the partition proceedings. We think that as a matter

of law Nazaria Longeria was estopped to urge any title under the will in opposition to the title which she had received in the partition proceeding. Her probating the will after this suit was filed evidently was an afterthought on her part and done in order to try to strengthen her position in the present suit. In view of the action and conduct of herself and the others over the period of approximately 23 years intervening between the partition judgment and the judgment probating the will, we think she cannot claim adversely to the judgment of partition.

■ This brings us to a discussion of the rights of the owners of the separate tracts of land out of Share No. 7 in such partition suit.

There is nothing in the record to show the specific interest of each of the three allottees, Nazaria Longoria, Trinidad Longoria and Ruperto Rosales in this Share No. 7. The case has not been fully developed with regard to the extent of the title which each owner in said Share No. 7 had at the time of the partition judgment and must be reversed and remanded for another trial.

■■ The evidence on another trial may show the interest which each had in the land at the time the partition judgment was rendered. For the purpose of arriving at the title of the allottees in Share No. 7, the will of Sabas after its probate can be considered. This will standing alone would give Nazaria the whole of the estate. Trinidad Longoria being a child born after the making of the will takes a share in the estate by virtue of either Article 8292 or Article 8293, depending upon whether Sabas recognized Manuel as his child as required by Article 2581. The law reads into Sabas' will the applicable provisions of the statutes and makes the same a part of such will. Conroy v. Conroy, 130 Texas 508, 110 S. W. (2d) 568, and authorities therein cited; Taylor v. Martin's Estate, 117 Texas 302, 3 S. W. (2d) 408; Burton et al v. Connecticut Genl. Life Ins. Co. et al (TCA) 72 S. W. (2d) 318, wr. er. ref. If Sabas did recognize Manuel as his child, then Article 8292, as it existed prior to the death of Sabas, would have the effect to vest title to 1/2 of Share No. 7 in Trinidad and to vest title to the other 1/2 in Share No. 7 in Nazaria. If Sabas did not recognize Manuel as his child, then Article 8293 would apply and Trinidad having attained the age of 21 years would have been vested with the fee simple title of all of Share No. 7, subject to the life estate of his mother, Nazaria, in 1/3 of such share. Article 2571, Revised Civil Statutes. In the latter event, Trinidad would be a remainderman as to such 1/3 interest and as such remainder-

man limitation would not run against him during the life of Nazaria. Gibbs v. Barkley, 242 S. W. (2d) 462 (p. 466 9-10 2nd col.) ; Warnecke v. Broad, 138 Texas 631, 161 S. W. (2d) 453, 454 (2) ; Evans v. Graves (TCA) 166 S. W. (2d) 955, ref. w. of m.; Pool v. Sneed (TCA) 173 S. W. (2d) 768; 2 Tex. Jur. p. 117, Adverse Possession, sec. 61; 36 Tex. Jur. p. 880, Remainders and Reversions, sec. 10. This being true, the question as to limitation title of the west 150 acres of Share No. 7 should be more fully developed and the case should be remanded.

■ If upon another trial it should be developed that Ruperto Rosales had no interest in the property at the time of the partition judgment except by virtue of being the husband of Nazaria, the deed of his heirs to the petitioner Andres Garza conveyed nothing because Ruperto's interest terminated at the time of his death. His heirs having no title to convey, the petitioner Garza received nothing by his deed from them. 47 Corpus Juris, p. 280, secs. 36 through 38.

The title to Andrews et al under the mineral lease from Nazaria alone, covering the east 250 acres of Share No. 7, will depend upon the facts developed on another trial as to the interest which Nazaria owned in Share No. 7 at the time of the partition judgment and at the time she executed such lease. This phase of the case must be reversed and remanded.

■ The petitioner admits in his briefs filed in the Court of Civil Appeals and in this Court that Jesse G. Foster and F. G. Garza have title to 30 acres in the east 250 acres of land out of Share No. 7 and none of the other parties complain of the judgment in favor of Jesse G. Foster and F. G. Garza. Therefore, this portion of the judgment will be affirmed. As to the 1/2 mineral interest in the east 250 acres of Share No. 7 held by Bass, Brumley and Jones, respondents, the judgment should be affirmed because their title comes from Nazaria, Trinidad and Manuel and is superior title to the claims of petitioner herein.

■ Respondents claim that petitioner does not show common source of title. The stipulation entered into by all the parties provided that Sabas Longoria owned the land at the time of his death and all parties trace their title back to him. Therefore, he was the common source of title regardless of any mistaken contention made by the petitioner that the partition judgment in Cause No. B-4437 was the common source of title. 41 Tex. Jur. p. 509, Trespass to Try Title, sec. 42, and authorities therein cited.

From a reading of the record and a study thereof, we are agreed that this case has not been fully developed and was tried upon the wrong theory and that except as herein affirmed it must be reversed and remanded for another trial in accordance with this opinion.

Opinion delivered May 25, 1949.

Second motion for rehearing overruled June 29, 1949.