**Clarence Lee SCOTT, Appellant,**

v.

**The STATE of Texas, Appelleé.**

**No. 46721.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Henry Wade, Dist. Atty., and Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for the wilful neglect or refusal to support and maintain his child under the age of 18 years, under Art. 602, Vernon's Ann.P.C.; the punishment, 365 days in jail.

The child was born on January 14, 1965, to a single woman, who was then 19 years old. Appellant was a married man, who was shown to have been married, in all, four times. The mother of the child was a barber. She claimed that she did not know appellant was married until after she became pregnant. Appellant having obtained a divorce, he and the mother of the child were married on October 14, 1967. The mother testified that appellant was the father of the child. This he did not deny, but testified he was having sexual relations with the mother and "might be" the father. After the marriage appellant and the child's mother signed a request to the Department of Vital Statistics at Austin changing the child's birth certificate to show that he was the father and changing her surname to his. On cross-examination, appellant testified that the child called him "daddy" and he had told quite a few people that the child was his.

The evidence showed that appellant all during the marriage was regularly employed at General Motors at good wages, his base pay at the time of trial being $4.30 per hour, that he had not provided housing, clothes, groceries or money for the child except small gifts and about two sacks of groceries, that the mother had been compelled to provide for the child with practically no help from appellant, although he was able to do so. The parties had separated in January, 1970, and the mother had been compelled to obtain public welfare be-

Vernon Kelly, Dallas, for appellant.

cause of the failure of appellant to provide for the child.

The first contention of appellant is that the evidence was not sufficient because it failed to show that he was the natural father of the child and responsible for its support. We overrule this contention.

The facts in this case show conclusively that the child in question was not illegitimate, but was the legitimate daughter of appellant. After her birth, the mother and father were married. This legitimated the child.

In 1955, the 54th Legislature, p. 88, Chapter 55, now Article 42, Vernon's Annotated Probate Code, V.A.T.S., in the next to the last sentence of Art. 42, wrote into our law this provision:

"Where a man, having by a woman a child or children shall afterwards intermarry with such woman, such child or children shall thereby be legitimated and made capable of inheriting his estate."

In the interpretative commentary following this Article in Vernon's appears the following:

"In the situation described in the next to the last sentence of the Section [quoted above], the law heretofore has been that an illegitimate child was not made legitimate unless the man, in addition to marrying the mother, recognized the child as his own, Pilgrim v. Griffin, 237 S.W.2d 448 ([Tex.Civ.App.] ref. n. r. e., 1950). This section eliminates the requirement of recognition."

The court charged the jury in accordance with Article 42, supra, to which there was no objection.

If recognition had been necessary, the record shows that appellant fully recognized the child as his daughter.

Next, appellant complains that in submitting the case to the jury the court charged that if appellant "did wilfully neglect or refuse to provide support and maintenance

of his child, (naming her) you will find the defendant guilty," because he says the phrase "his child" was a comment upon the weight of the evidence. Proper objection in writing was so made.

If there had been an issue of fact as to whether the child was his, the objection may have been good. However, as set out heretofore, the mother testified that he was the father, he did not deny it, but admitted it in writing when he applied for the new birth certificate for the child showing himself to be the father, and admitted recognizing the child as his daughter.

Since there was no disputed issue on the question of his paternity, and the child had been legitimated by the subsequent marriage, there was no error in assuming in the charge a fact not in dispute.

We overrule this contention.

Appellant finally urges us to reverse because the court in the charge told the jury:

"You are further instructed that if you believe from the evidence, or have a reasonable doubt thereof, that the defendant, Clarence Lee Scott, contributed to the support of his said child to the best of his ability and in proportion to his earning capacity when he was earning or had funds, he would not be guilty of willfull neglect or refusal to support his said child, and if you find the facts so to be, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

The objection was to the use of the clause "to the best of his ability." Such charge was in accordance with the holdings in Almanza v. State, Tex.Cr.App., 365 S.W.2d 360, and Martinez v. State, Tex. Cr.App., 378 S.W.2d 845, and was for the benefit of the appellant.

We observe that the judgment and sentence recite that the conviction was for "child desertion." These recitations are in

error. The case was submitted to the jury on the allegations that appellant wilfully neglected or refused to provide for the support of his child under the age of 18 years, and not upon the allegation of desertion. The judgment and sentence are reformed to show that the conviction was for "wilful neglect to provide for the support of his child under the age of 18 years," and as reformed is affirmed.

Opinion approved by the Court.