**Audelia MATA, Appellant,**

v.

**Gilbert G. MORENO, Appellee.**

**No. 17664.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 10, 1980.

Weycer & Kaplan, Richard M. Kaplan, Houston, for appellant.

Richard E. Anderson, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from an order dismissing a Motion to Modify a support order. We affirm.

In 1973, appellant sued appellee for divorce, alleging that a common law marriage existed between them, that a child was born of the marriage and, that appellee should be required to contribute to the support of the child. During the hearing on the merits, the parties announced to the court that a compromise had been reached, and pursuant to the compromise an order was presented to and signed by the court. The order recited that it was agreed that no marriage existed between the parties, that appellee

denied that he was the father of the child but was willing to "buy his peace" and pay the sum of $115 per month in support of the child until she reached 18 years of age, and that appellant, though still contending appellee was the father of the child, was willing to accept the sum of $115 as child support.

Based upon the agreement, the petition for divorce was denied and appellee was ordered to pay the sum of $115 per month in child support through the Harris County Juvenile Probation Office commencing on December 1, 1973, and payable on the first day of each month thereafter until the child attained the age of eighteen (18) years.

In 1979, appellant filed a Motion to Modify the 1973 order, praying for an increase in the amount of child support.

Appellant's only point of error alleges that the trial court erred in granting the Motion to Dismiss because as a matter of law appellant has the right to bring the modification under § 14.08(a) of the Texas Family Code.

Section 14.08(a) of the Texas Family Code provides in part:

> "A court order or the portion of a decree that provides for the support of a child may be modified . . . only by the court having jurisdiction of the suit affecting the parent-child relationship."

Appellant contends that the consent judgment is subject to modification because it is an order of the court providing for the support of a child. This narrow construction disregards the provision of the Family Code which predicates the initial award of child support upon a finding that a parent-child relationship exists. Section 14.05(a) of the Family Code provides that a court may, "order either or both *parents* to make periodic payments for the support of a child . . . .." (emphasis ours).

■ A man is a "parent" within the meaning of the Family Code if he adopts a child or the child is legitimate to him. Tex. Fam.Code Ann. § 11.01(3) (Vernon 1975). A child is the legitimate issue of a man if (a) the child is born or conceived before or during the marriage of his father and mother, or (b) the child is born or conceived before or during an attempted marriage of his father and mother or (c) the paternity of the man is established pursuant to Chapter 13 of the Family Code. Tex.Fam.Code Ann. § 12.02 (Vernon 1975 as amended Vernon Cumm.Supp.1980).

■ The Family Code empowers a court to order an individual to pay child support only if it determines that a parent-child relationship exists.

In our case, appellee voluntarily assumed the obligation to pay support without conceding that he was the parent of the child and no finding of paternity has ever been made.

■ A consent judgment which fails to predicate the payment of child support upon either an express or implied finding that a parent-child relationship exists is not subject to modification pursuant to § 14.-08(a) of the Texas Family Code.

Affirmed.