**Rupert BELL, Appellant**

v.

**Herbert Harold HINKLE, Appellee.**

No. A2396.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 8, 1980.

Dale Harvill, Harvill & Hardy, Houston, Samuel J. Lee, Angleton, for appellant.

R. L. McElya, Angleton, Joyce Cox, G. Michael Wentworth, Cox, Roady & Dawson, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

Rupert Bell, appellant, appeals from a take nothing judgment entered against him and in favor of Herbert Harold Hinkle, appellee.

Bell brought a trespass to try title action against Hinkle for recovery of title to and possession of an undivided one–half interest

in certain real property located in Brazoria County belonging to the estate of James Thomas Hinkle. In addition, he sought a partition of the real and personal property, an accounting and a right to the one–half of the property of the estate as an heir at law of James Thomas Hinkle. Appellant alleged that all of the assets of the estate were in the possession of appellee. Appellant further alleged that James Thomas Hinkle died intestate with no administration having been opened on the estate and the time for opening having passed.

Rupert Bell was born in Brazoria County in 1921. He alleged that he is the illegitimate son of the decedent, James Thomas Hinkle. Appellee, born in 1930, is the legitimate son of the decedent. James Thomas Hinkle died in 1969 intestate, and in 1976, appellant brought this suit. At trial, the jury found, in response to the sole special issue, that J. T. Hinkle was not the biological father of Rupert Bell.

Appellant mainly contends that defense counsel's remarks during the entire trial, including voir dire and final argument, were improper and constituted reversible error because such remarks were intended to appeal to racial prejudice. Although we do not approve of counsel's remarks, we do not reach this point because we must affirm on another ground. Appellee, in his cross–point, claims that appellant cannot recover anyway because he has not proved his cause of action as a matter of law. We agree.

Prior to 1979, an illegitimate child could not inherit from his father by the laws of descent and distribution. *See Guidry v. Denkins*, 460 S.W.2d 943 (Tex.Civ.App.–Houston [1st Dist.] 1970 no writ); 1955 Tex. Gen.Laws, ch. 55, at 88; 1977 Tex.Gen.Laws ch. 290, § 1, at 762. In 1979, the Legislature amended the Probate Code to allow illegitimate children to inherit from their fathers if certain conditions are fulfilled. Tex.Prob. Code Ann. § 42 (Vernon Supp. 1980). An illegitimate child can inherit from his father "if the child is born or conceived before or during the marriage of

his father and mother or is legitimated by a court decree as provided by Chapter 13 of the Family Code, or if the father executed a statement of paternity as provided by Section 13.22 of the Family Code. . . ." *Id.* (footnote omitted). Since appellant has not brought a paternity suit under the Family Code, or met any of the other conditions, he can not recover under the statute.

Since appellant has not proved his cause of action, we do not reach appellant's points of error, and affirm on appellee's cross-point.

Affirmed.