John C. JOHNSON, Executor of the Estate of N. L. Nittler, Deceased, Appellant,

v.

Santa Anna MARISCAL, as next friend of Cesar Javier Mariscal, a Minor, Appellee.

No. 1742.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 10, 1981.

Ralph L. Alexander, Kelley, Looney, Alexander & Sawyer, Edinburg, for appellant.

Alfonso Ibanez, Pena, McDonald, Prestia & Zipp, Edinburg, for appellee.

## OPINION

YOUNG, Justice.

This is a will contest case. Appellants, executor and legatees under the will of L. F. Nittler, deceased, challenge the judgment of the trial court which declared said will void. The judgment was based on the jury's determination that a child was born to the decedent after the execution of the will. Tex.Prob.Code Ann. § 67(b) (1980). We reverse and remand.

L. F. Nittler executed a will on September 24, 1971, appointing appellant, John C. Johnson, independent executor and devising his estate to his nieces and nephews. Nittler was previously married on two occasions, neither of which unions produced children. Nittler died on February 6, 1979, and Johnson filed the will for probate and applied for issuance of Letters Testamentary. An order admitting the will to probate and authorizing Letters Testamentary was signed on February 20, 1979.

On February 27, 1979, Santa Anna Mariscal, as next friend of Cesar Javier Mariscal, appellee, filed a petition contesting the will. The contestant alleged that Cesar, born September 26, 1977 (six years after the execution of the will), is the natural child of the decedent. As a pretermitted child, he is allegedly entitled to inherit from his father that portion of the estate to which he would be entitled if the decedent had died intestate. Tex.Prob.Code Ann. § 67(b) (1980). Because the decedent was unmarried at the time of his death and had no children, the appellee, therefore, should inherit the entire estate.

Evidence at the trial detailed the relationship between the decedent and Mrs. Mariscal. The two had known each other for some time and were living together at the time the child was born. Although Mrs. Mariscal testified that the decedent was the father of the child, the birth certificate of the child did not list Mr. Nittler as the father. See *Davis v. Davis*, 521 S.W.2d 603 (Tex.1975); *Wickware v. Session*, 538 S.W.2d 466 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Mrs. Mariscal testified that the decedent's name was omitted from the birth certificate to save the decedent and his family embarrassment.

On several occasions, both during the pregnancy of Mrs. Mariscal and after the birth of the child, the decedent allegedly "boasted" that he was the father of the child. Members of his family, however, testified that they never heard such representations. No tests matching blood type or tissue samples were ever performed to establish paternity, nor did the decedent ever

execute a statement of paternity under § 13.22 of the Family Code. Tex.Fam.Code Ann. § 13.22 (1980). Likewise, no voluntary or involuntary legitimization proceedings were ever instigated under Tex.Fam.Code Ann. § 13.01 et seq. (1980), nor were adoption proceedings undertaken by the decedent. Tex.Fam.Code Ann. § 16.01 et seq. (1980).

The uncontroverted evidence adduced at trial also established that Mrs. Mariscal was married to Belisario Hernandez on June 6, 1956, and that the parties were never divorced. During the period of time when the child would have been conceived, there was testimony that Mr. Hernandez lived some eighty miles from Mrs. Mariscal's residence. Mrs. Mariscal testified, however, that she had not seen her husband in many years. Under these facts and the admission of all parties, the child was clearly illegitimate. See Tex.Prob.Code Ann. § 42(b) (1980) and Tex.Fam.Code Ann. § 12.02 (1980).

All parties stipulated: (1) that L. F. Nittler died on February 6, 1979; (2) that L. F. Nittler signed and executed his will on September 24, 1971, at a time when he had no living children, natural or adopted; and (3) that Cesar Javier Mariscal was born on September 26, 1977. Only one issue was submitted to the jury:

"Do you find from a preponderance of the evidence that Cesar Javier Mariscal is the natural child of L. F. Nittler?

Answer 'Yes' or 'No'

Answer __Yes__ "

Based on this finding, the trial court entered a judgment which set aside the prior order admitting the will to probate and declared the will void because it did not provide for the child, Cesar Javier Mariscal, born after the execution of the will. From this judgment, appellants bring this appeal.

Three points of error are raised wherein the appellants contend that the trial court's judgment is erroneous because of: (1) the failure of the trial court to submit an issue about whether the illegitimate child had been recognized by the decedent; (2) the lack of standing of the appellee child since

the child would not have been able to inherit from the father had the father died intestate; and (3) the lack of clear and convincing proof to defeat the presumption that the child was the product of the union of Santa Anna Mariscal and her husband since there was no evidence of non-access. We need only consider the first point of error to resolve this appeal, that being the failure of the trial court to submit an issue determining whether the decedent recognized the illegitimate child before his death.

The rights of illegitimate children and statutory classifications which tend to limit those rights have undergone close examination by the courts of this nation in recent years. It is well-settled law that classifications based on illegitimacy, while not being subject to "strict scrutiny," must be substantially related to permissible state interests. *Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); *Weber v. Aetna Casualty & Surety Company,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). These statutes, which tend to differentiate between legitimate and illegitimate children, must bear some rational relationship to legitimate state purposes. As applies to inheritance statutes, the Supreme Court has recognized that the State may apply "a more demanding standard" for illegitimate children who seek to inherit from their father's estate in order to promote the efficient administration of a decedent's estate and to avoid spurious claims arising out of paternity actions. *Lalli v. Lalli,* supra, 99 S.Ct. at 523.

The Texas statutes have been amended in order to provide an appropriate legal framework to evaluate the right of an illegitimate child to inherit from his father if one of several statutory procedures are followed to legitimize the child. See *Ramon v. Califano,* 493 F.Supp. 158 (W.D.Tex. 1980); *Lovejoy v. Lillie,* 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.).

"§ 42. Inheritance Rights of Legitimated Children

(b) Paternal Inheritance. For the purpose of inheritance, a child is the legitimate child of his father if the child is born or conceived before or during the marriage of his father and mother or is legitimated by a court decree as provided by Chapter 13 of the Family Code, or if the father executed a statement of paternity as provided by Section 13.22 of the Family Code, or a like statement properly executed in another jurisdiction, so that he and his issue shall inherit from his father and from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue." Tex.Prob.Code Ann. § 42 (1980); see *Bell v. Hinkle*, 607 S.W.2d 936 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Mata v. Moreno*, 601 S.W.2d 58 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

This statute, while providing a means for the illegitimate child to inherit from his father by way of statutory legitimization, also serves state interests by establishing safeguards to protect the sanctity of a will and to provide for the orderly settlement of estates. As such, equal protection of the laws is afforded to illegitimates.

■ The Probate Code in 3(b) provides another means for an illegitimate child to inherit from its biological parents without complying with these statutory legitimization procedures. The definition of a "child" as set out in the Code is as follows:

"(b) 'Child' includes an adopted child, whether adopted by any existing or former statutory procedure or by acts of estoppel, but, unless expressly so stated herein, *does not include an unrecognized, illegitimate child of the father.*" (Emphasis supplied.) Tex.Prob.Code Ann. § 3(b) (1980).

By expressly excluding an *"unrecognized, illegitimate child of the father,"* the statute impliedly provides that a *"recognized, illegitimate child of the father"* is included in the definition of a child. Therefore, if a father does in fact "recognize" his illegitimate child, then the child is entitled to inherit. By virtue of this statute, the rec-

ognized, illegitimate child of the father may inherit from that father without other statutory legitimization.

A distinction between "recognized, illegitimate child" and "legitimated children" is therefore inherent in the Probate Code, yet both are entitled to inherit from their biological father. Section 42 sets out the inheritance rights of legitimated children by any one of various means. *Jones v. Davis*, 616 S.W.2d 276 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ granted). A biological father may "legitimize" his child by several different means: 1) a voluntary legitimization proceeding by way of a statement of paternity, Tex.Fam.Code Ann. § 13.21 (1980); or 2) he may marry the mother of the child. See *Scott v. State*, 501 S.W.2d 96 (Tex.Cr.1973). A court of competent jurisdiction may also "legitimize" the child by an involuntary legitimization proceeding by way of a paternity suit. Tex.Fam.Code Ann. § 13.01 et seq. (1980).

The definition of a child in § 3(b), on the other hand, provides that a recognized, illegitimate child is a child for the purposes of the Code. When applied in the context of the case before us, that being the status of an afterborn, illegitimate child, the Probate Code establishes the right of a pretermitted child (as defined in § 3(b) to include a recognized, illegitimate child) to inherit from a father if not provided for in the will:

"§ 67(b) Where No Child Was Living When Will Was Executed. Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, either born to him or adopted by him, or shall leave his wife enceinte of a child which shall be born, shall have no effect during the life of such afterborn or after-adopted child, and shall be void, unless such child dies within one year after the death of the testator; provided, however, that where a surviving husband or wife is the father or mother of all of the testator's children, exclusive of adopted children, and said

surviving husband or wife is the principal beneficiary in said testator's last will and testament, to the entire exclusion, by silence or otherwise, of all of said testator's children, then and in that event the foregoing provisions of this Section shall not apply or be considered in the construction of said last will and testament." Tex. Prob.Code Ann. § 67(b) (1980); see *Burton v. Connecticut General Life Ins. Co.*, 72 S.W.2d 318 (Tex.Civ.App.—Fort Worth 1934, writ ref'd).

Thus, the only requirement for the illegitimate child to inherit from the father is to prove recognition.

Recognition by the biological father requires a factual determination. See *Garza v. Cavazos*, 148 Tex. 138, 221 S.W.2d 549, 553 (1949). We note the proof problems inherent in establishing recognition when no well-defined legal parameters exist, especially when the biological father's voice is silenced by death. Recognition in other jurisdictions is equated with acknowledgment of the child through some judicial proceeding or public statement in writing. See *Lalli v. Lalli*, supra—New York statute requires judicial determination; *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976)—Social Security Act requires acknowledgment in writing that child is offspring of father; *Labine v. Vincent*, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971)—Louisiana statute requires execution of statement of paternity by mother and father before a notary acknowledging that he is the natural father; *Trimble v. Gordon*, supra—Illinois statute requires formal acknowledgment of paternity in writing.

■ In light of this examination of the inheritance rights of legitimated children and recognized, illegitimate children, we now determine the rights of the child in the case before us. It is uncontroverted that the child is illegitimate, i. e., one born out of lawful wedlock. No evidence has been presented that any statutory means of legitimization has occurred. Therefore, the child is not entitled to inherit from the decedent as a legitimated child under § 42 of the Code.

About the right of the child to inherit as a recognized, illegitimate child of the father, the trial court failed to submit to the jury for a determination of the question of recognition by the father even though the sole issue submitted to the jury was objected to by the appellants on this specific ground. An issue posing the question of recognition should have been submitted. *Garza v. Cavazos*, supra 221 S.W.2d at 553. Appellants' first point is sustained. We do not reach their second and third points of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.