**James Steven BATCHELOR and Lonnie Dale Burrow, Appellants,**

v.

**Judith Ann BATCHELOR, Appellee.**

No. 2–82–007–CV.

Court of Appeals of Texas, Fort Worth.

May 20, 1982.

Rehearing Denied June 17, 1982.

Norman Darwin & Associates, and Ken M. Link, Fort Worth, for appellants.

Barlow, Gardner Tucker & Garsek, and Elliott S. Garsek, Michael T. Watson, Mayo, Pickering, Hoover & Carter, and David F. Pickering, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

OPINION

JORDAN, Justice.

James Carroll Batchelor died intestate on August 4, 1980, survived by his widow, Judith Ann Batchelor, appellee herein, a brother, Charles E. Batchelor, and two legitimate sons, James Carroll Batchelor, Jr., and James Keith Batchelor. Both the brother, Charles E. Batchelor and the widow, Judith Ann Batchelor, filed separate Applications to Declare Heirship. Thereafter, appellants, James Steven Batchelor and Lonnie Dale Burrow filed a Plea of Intervention alleging that they were the natural born, illegitimate sons of the Decedent and requested that they be declared the sons of the Decedent. The Intervenors did not allege that they were entitled to inherit from Decedent.

Thereafter the Probate Court granted appellee's motion for summary judgment on the ground that as a matter of law appellants, James Steven Batchelor and Lonnie Dale Burrow are not legitimate children of the Decedent, James Carroll Batchelor, and thus have no title in or interest to his estate.

We affirm.

In two points of error appellants say that the granting of the summary judgment was error because the evidence failed to establish as a matter of law that appellants had no inheritance rights because there was a fact issue as to whether the Decedent, James Carroll Batchelor, had recognized appellants as his children.

The common law did not recognize any right in an illegitimate child to any interest in the father's estate. *Hayworth v. Williams*, 102 Tex. 308, 116 S.W. 43 (1909). In 1955 and again in 1977 the Texas Legislature provided that while illegitimate children could inherit from their mothers under the laws of descent and distribution, they had no right to inherit from their father. *Bell v. Hinkle*, 607 S.W.2d 936 (Tex.Civ. App.—Houston, [14th Dist.] 1980). That situation changed, however, with the passage by the Legislature in 1979 of Section 42(b) of Texas Probate Code, effective August 27, 1979. James Carroll Batchelor died intestate on August 4, 1980.

Section 42(b) of the Probate Code says that for the purpose of inheritance, a child is the legitimate child of his father and may inherit from his father under three circumstances: (1) If he is born or conceived before or during the marriage of his father and mother; (2) If he is legitimated by court decree as provided in Chapter 13 of the Family Code; or (3) If the father has executed a Statement of Paternity as provided in Section 13.22 of the Family Code, or a like statement properly executed in another jurisdiction.

Chapter 13 of the Family Code establishes a regular procedure through which a child may obtain a decree designating the alleged father as the father of the child in order to create a parent-child relationship. This may be an involuntary procedure, pursuant to Secs. 13.01 through 13.09, or it may be a voluntary legitimation pursuant to Section 13.21 of the Family Code. If neither of these procedures is followed, a child may still be legitimated for the purposes of inheritance if the father has executed a written statement of paternity pursuant to Section 13.22 of the Family Code.

It is undisputed that none of the procedures designated by Section 42(b) of the Probate Code have been followed in this case. It is appellant's position on appeal that despite the provisions of Section 42(b) they are entitled to inherit from the Decedent because they were "recognized" by Decedent as his children. Appellants contend that the deposition testimony of Judith Ann Burrow, James Steven Batchelor and Lonnie Dale Burrow contain ample evidence to show that in fact appellants were the illegitimate children of Decedent, James Carroll Batchelor, born to Judith Ann Burrow, and that they were recognized as such by Decedent.

They contend that this evidence raises a fact issue as to whether or not they were "recognized" by Decedent as his children and that because the definition of the term "child" contained in Section 3(b) of the Texas Probate Code includes a "recognized" child, that they were entitled to a fact issue to be submitted to the jury on the question of whether or not appellants were "recognized" by Decedent as his children. They cite as authority for this argument the case of *Johnson v. Mariscal*, 620 S.W.2d 905 (Tex.Civ.App.—Corpus Christi, 1981, writ ref.n. r. e.), which we will later discuss. We do not agree with this contention.

The 1979 amendment to Section 42 of the Texas Probate Code, and the legislative history thereof, indicates that the amendment was mandated by the United States Supreme Court decision in *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). In this case, the Supreme Court upheld the constitutionality of a New York statute requiring that an illegitimate child, in order to inherit from his father, must show that a court of competent jurisdiction had, during the father's lifetime, entered an order declaring paternity. The court pointed out that the primary goal underlying the statute was to provide a just and orderly disposition of a decedent's property where paternal inheritance by illegitimate children was an issue. In order to facilitate the administration of the estate, an illegitimate child

could not inherit from his father without following the statutory prerequisites, even where there was a notarized document referring to the illegitimate as "my son." The court left to the states the task of providing an appropriate legal framework to further the interest of safeguarding the orderly disposition of property upon death so that the states could avoid a case by case determination of paternity.

It is observed that the current version of Section 42(b) is now more liberal and permits more methods of proof of the right of the illegitimate child to inherit from the father than did the New York statute.

We think this case is controlled by *Bell v. Hinkle, supra*, and not by *Johnson v. Mariscal, supra*, as argued by appellants. In *Bell*, the court pointed out, as we have here, that Section 42(b) of the Texas Probate Code provides that an illegitimate child can inherit from his father only if one of the three requirements of that Section, set out above, are met. The court then said: "Since appellant has not brought a paternity suit under the Family Code, or met any of the other conditions, he cannot recover under the statute."

*Johnson v. Mariscal, supra*, involved a claim of an illegitimate pretermitted child, or a child born out of wedlock to a father who had left an earlier will, executed before appellant was born, which of course did not include the illegitimate claimant. In that case, in construing Section 3(b) of the Texas Probate Code, involving the definition of the term "child", the court held that a "recognized, illegitimate child of the father" is entitled to inherit from the father, and thus it is error for the trial court to refuse to submit a jury issue on the question of whether the father recognized the illegitimate child as his.

The definition of the term "child" in Section 3(b) is: " 'Child' includes an adopted child, whether adopted by any existing or former statutory procedure or by acts of estoppel, *but, unless expressly so stated herein, does not include an unrecognized, illegitimate child of the father.*" (Emphasis ours). The court in *Johnson* then reasoned

that by expressly excluding an "unrecognized, illegitimate child of the father," the statute [3(b)] impliedly provides that a "recognized, illegitimate child of the father" is included in the definition of a child. However, neither in Section 42(b) or anywhere else is a "recognized" child able to inherit from its father. Therefore, the court said, if a father does in fact "recognize" his illegitimate child, then the child is entitled to inherit. By virtue of this statute, the Johnson Court said, the recognized, illegitimate child of the father may inherit from that father without other statutory legitimization. The Supreme Court of Texas, in a Per Curiam opinion, on writ of error, in Cause No. C–777, dated January 6, 1982 wrote: "The question of whether an illegitimate child may be recognized in any manner other than that provided in section 42 of the Texas Probate Code is not properly presented for our review. We therefore express no opinion on the writing of the court of appeals on this question. We refuse both applications for writ of error, no reversible error."

We observe that while the court in *Johnson, supra*, did hold that a recognized illegitimate child of the father is included in the definition of a child, it did not hold that that was true with reference to the right of an illegitimate child to inherit where there is no will. We think some of the language in *Johnson* is rather broad and we decline to apply that holding to the facts in this case.

We hold that the Legislature in enacting Section 42(b) of the Probate Code, following the United States Supreme Court decision in *Lalli, supra*, designated the only three means by which an illegitimate child may inherit through his father. We think those means are exclusive, and if the Legislature had intended to include a "recognized" child as one able to inherit from its father, it would have said so in appropriate language. At the time Section 42(b) was enacted, Section 3(b) of the Probate Code contained the identical definition of the term "child" as it did when 42(b) was enacted. The Legislature obviously intended to provide a constitutional, yet orderly, method for a determi-

nation of paternity. It cannot be assumed that the Legislature intended for Section 3(b) to provide an alternative or additional means of intestate succession, especially when it took pains to set out the statutory procedures requisite to inheritance.

We hold, therefore, for the reasons stated above, that Section 42(b) of the Texas Probate Code provides the only methods by which an illegitimate child may inherit from his father. If none of those methods are followed, as they were not in this case, then the illegitimate child is not eligible to inherit from his father.

We affirm the judgment of the Probate Court.