**Charlotte Daisy Classy Truitt MILLS, Appellant,**

v.

**Theodore EDWARDS, Executor of the Estate of Leveston Truitt, Deceased, Appellee.**

**No. 01–83–0258–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1983.

Rehearing Denied Jan. 19, 1984.

Roy J. Henderson, Austin, for appellant.

James Sean Healey, Galveston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

OPINION

BASS, Justice.

This is an appeal from a summary judgment dismissing the appellant's contest to her alleged father's will.

Appellant filed a motion to set aside the will. Appellee filed a motion for summary judgment, alleging that as an illegitimate child the appellant had no interest in the decedent's estate.

■ In her first point of error, appellant contends the trial court erred in granting summary judgment and holding that she had no standing to contest the will, because there was a material fact issue as to her legitimacy. Before one may contest a will, he must be, and if called upon to do so, must prove that he is a person interested in the estate. *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294 (1960). Interested person means heir, devisee, spouse, creditor or any others having a property interest in, or claim against, the estate being administered. Tex.Prob.Code Ann. sec. 3(r). Of these, appellant contends she qualifies as an heir, because if the will were set aside, she would be entitled to the decedent's estate under the statutes of intestate descent and distribution as a legitimated child. Tex.Prob.Code Ann. sec. 3(o). However, an illegitimate child, if not properly legitimated, has no standing to contest her alleged father's will, because she would have no interest in the decedent's estate if the will were held to be invalid.

■ The issue is whether the appellant was legitimated by her father for purposes of inheritance. Tex.Prob.Code Ann. sec. 42(b) (Vernon 1980) prescribes the several methods by which a child may be legitimated:

(b) Paternal Inheritance. For the purpose of inheritance, a child is the legitimate child of his father if the child is born or conceived before or during the marriage of his father and mother or is legitimated by a court decree as provided by Chapter 13 of the Family Code, or if the father executed a statement of paternity as provided by Section 13.22 of the Family Code or a like statement properly executed in another jurisdiction, so that he and his issue shall inherit from his father and from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue.

Attached to appellee's motion for summary judgment is a copy of appellant's birth certificate from the Texas Bureau of Vital Statistics, which reflects that appellant is illegitimate. Attached to appellant's response to the motion is a copy of her birth record from Lee County, Texas. It reflects that she is legitimate. It is upon this apparent conflict, and her assertion that her father "recognized" her, that appellant bases her contention that there was a material fact issue which precluded entry of summary judgment.

In her answers to appellee's interrogatories, appellant specifically disclaims reliance upon the first method for establishing legitimacy under Section 42(b), i.e., that of birth or conception before or during the parents' marriage. Further, there are no allegations or proof of legitimation by court decree or statement of paternity under chapter 13 of the Family Code, the only remaining methods of legitimation under sec. 42(b), *supra.*

Appellant contends that although her alleged father did not legitimate her by compliance with section 42(b), he nonetheless "recognized" her and she may inherit from him. One court has held that the definition of the term "child", Tex.Prob.Code Ann. § 3(b), impliedly provides that a "recognized, illegitimate child of the father" is entitled to inherit from that father without other statutory legitimation. *Johnson v. Mariscal,* 620 S.W.2d 905, 908 (Tex.App.—Corpus Christi, 1981, writ ref'd n.r.e.). By per curiam opinion, the Supreme Court refused writ of error and stated,

The question of whether an illegitimate child may be recognized in any manner other than that provided in section 42 … is not properly presented for our review. We therefore express no opinion on the writing of the court of appeals on this question.

*Mariscal v. Johnson,* 626 S.W.2d 737, 738 (Tex.1982).

This court has held that a child is the legitimate issue of a man if the child is

born or conceived before or during the marriage or an attempted marriage of the father and mother, or the paternity of the man is established pursuant to Chapter 13 of the Family Code. *Mata v. Moreno,* 601 S.W.2d 58, 59 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In *Bell v. Hinkle,* 607 S.W.2d 936 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), the court similarly held that an illegitimate child can inherit from his father by complying with one of the methods described in sec. 42(b).

In *Batchelor v. Batchelor,* 634 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r. e.), the Court, after reviewing both the reasoning in *Bell v. Hinkle, supra* and the analysis in *Johnson v. Mariscal, supra,* declined to follow the broad holding in *Johnson, supra,* and concluded that, by enacting sec. 42(b), the legislature designated the exclusive means by which an illegitimate child may inherit from his father. "If the legislature had intended to include a 'recognized' child as one able to inherit from its father, it would have said so in appropriate language." *Batchelor, supra,* at 73.

We concur with the holding in *Batchelor,* and hold that sec. 42(b) provides the only methods by which an illegitimate child may inherit from his father. If none of these methods are followed, as they were not in this case, then the illegitimate child is not eligible to inherit from his father.

Having failed to raise a fact issue as to her legitimacy, appellant has also failed to show that she has an interest in the estate. Only a person interested in and proving an interest in the estate may contest probate of the testator's will, and in the absence of such interest, the contest may be dismissed. *McArthur v. Hall,* 169 S.W.2d 724 (Tex.Civ.App.—Fort Worth 1943, no writ). Appellant's first point of error is overruled.

■ Appellant's second point of error alleges that the trial court's decision deprives her of equal protection under the Fourteenth Amendment of the U.S. Constitution, contending her alleged father acknowledged her, and to deny her the right to inherit from him solely because he has not legitimated her under section 42(b) constitutes invidious discrimination.

The constitutionality of sec. 42 was extensively examined in *Davis v. Jones,* 626 S.W.2d 303 (Tex.1982). The Court held that sec. 42 was constitutional and concluded that there was a rational State basis to support the legislation. Point of error two is overruled.

We affirm the judgment.