**In re ESTATE OF Francisco CASTANEDA, Deceased.**

**No. 04–84–00313–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 26, 1985.

**466**

Julio Garcia, Laredo, for appellant.

Frank D. Barrera, Laredo, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

CADENA, Chief Justice.

Appellants, three illegitimate children of Francisco Castaneda, appeal from a judgment declaring they are not entitled to share in the estate of their father, who died intestate. We affirm that judgment.

Appellants concede they do not come within the provisions of TEX.PROB.CODE ANN. § 42(b) (Vernon 1980), which provides that an illegitimate child may inherit from its father if (1) the child is born or conceived before or during the marriage of its parents; or (2) it is legitimated by court decree as provided in Chapter 13 of the Family Code; or (3) the father executes a statement of paternity under § 13.22 of the Family Code (or a similar statement properly executed in another jurisdiction).

Appellants base their claim on § 3(b) of the Probate Code which excludes "an unrecognized illegitimate child of the father" from the definition of "child" contained in that section. They argue that since the decedent recognized them as his children each of them is included within the § 3(b) definition of "child" which excludes from the meaning of such term only an "unrecognized" illegitimate child.

In *Johnson v. Mariscal*, 620 S.W.2d 905, 908 (Tex.Civ.App.—Corpus Christi 1981), *writ ref'd n.r.e. per curiam* 626 S.W.2d 737 (Tex.) *cert. denied*, 458 U.S. 1112, 102 S.Ct. 3496, 73 L.Ed.2d 1375 (1982), the court did hold that, because of § 3(b), a recognized illegitimate child is entitled to inherit from its father. However, in the *per curiam* opinion refusing the application for writ of error, no reversible error, the supreme court pointed out that the question of whether an illegitimate child "may be recognized in any manner other than that provided in Section 42 of the Texas Probate Code" was not properly before it and, therefore, the supreme court expressed no opinion on the holding of the court of civil appeals on that question. *Mariscal v. Johnson*, 626 S.W.2d 737, 738 (Tex.1982).

■ Subsequent cases have refused to follow *Johnson*. In *Mills v. Edwards*, 665 S.W.2d 153 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.), and *Batchelor v. Batchelor*, 634 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) the courts refused to follow *Johnson* and held that § 42(b) of the Probate Code provides the only methods by which an illegitimate child may inherit from its father. We find the reasoning in *Mills* and *Batchelor* persuasive and hold that an illegitimate child cannot inherit from its father unless such child comes within the provisions of § 42(b).

■ The trial court did not err in holding that appellants are not entitled to inherit under the doctrine of adoption by estoppel. That doctrine is applied only where there is proof of a promise, agreement or contract to adopt. *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972, 974–5 (1951). There is no direct evidence of such an agreement or promise, and the record discloses no act or other circumstances tending to show the existence of such an agreement or promise. In fact, one of the appellants testified that there was no such agreement. The fact that their father supported appellants and referred to them as his children is insufficient to establish an adoption by estoppel. *Cavanaugh v. Da-*

*vis, supra,* 235 S.W.2d at 978; *Lowrey v. Botello,* 473 S.W.2d 239, 242 (Tex.Civ.App. —San Antonio 1971, no writ).

Appellants' contention that § 42(b) denies them the equal protection of the law was rejected by our supreme court in *Davis v. Jones,* 626 S.W.2d 303, 308–9 (Tex.1982).

The judgment of the trial court is affirmed.