Maria **GARZA**, as Next Friend of Celia Garza and on Behalf of Miguel de la ROSA, Jr., Appellant,

v.

**MAVERICK MARKET, INC.,** Appellee.

No. 13–86–511–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 31, 1987.

Rehearing Denied Feb. 4, 1988.

Ramon Garcia, Edinburg, Thomas O. Matlock, Jr., McAllen, for appellant.

Ben A. Donnell, Meredith, Donnell & Abernethy, Corpus Christi, Gene Creely, II, Meredith, Donnell & Abernethy, Houston, for appellee.

Before NYE, C.J., and SEERDEN, and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

This wrongful death case was filed by Maria Garza (Garza) as next friend of her minor son, Miguel Angel de la Rosa, Jr. (Jr.) against Maverick Market (Maverick) for its alleged negligence in selling beer to Jesus Escobar and Miguel Angel de la Rosa (purported to be the father of Jr.) the driver and passenger in the vehicle involved in a collision. The trial court granted a directed verdict in favor of Maverick. We affirm the trial court's judgment.

The underlying facts concerning the collision which caused the death of Miguel de la Rosa are not necessary to our disposition of this cause. After Garza had rested her case, the trial court granted Maverick's motion for a directed verdict. The directed verdict was granted on three grounds;

(1) that Jr. was not entitled to recover because he was not "recognized" as the son of the decedent.

(2) that there was no evidence that any employee of Maverick committed any negligent act which contributed to the death of the decedent.

(3) that there was no evidence that any vice principal of Maverick committed any act which would subject Maverick to liability for punitive damages.

In reviewing the granting of a directed verdict by the trial court, we must consider the evidence in the light most favorable to the party against whom the verdict is directed, disregarding all contrary evidence and inferences. *See Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex. 1982); *Texas Employers' Insurance Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex.1977). We must determine if there is any conflicting evidence of probative force to raise a fact issue on any theory of recovery. *White v. Southwestern Bell Telephone Co. Inc.*, 651 S.W.2d 260, 262 (Tex.1983); *Jones*, 638

S.W.2d at 865. If there is any such evidence on any theory of recovery, a determination of that issue is for the jury. *White*, 651 S.W.2d at 262. A directed verdict is proper if the evidence proves conclusively the truth of fact propositions which, under the substantive law, established the right of the movant, or negate the right of his opponent to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Garza's first point of error attacks the trial court's granting of the directed verdict because Jr. was not the "recognized" son of the deceased.

The decedent died on April 18, 1984. Jr. was born on October 25, 1984. The decedent was never married to Garza. There was no evidence that the decedent ever acknowledged that Garza was carrying his child. A decree of legitimation was entered in a proceeding brought under Chapter 13 of the Texas Family Code but was excluded from the evidence by the trial court as being irrelevant to any issue in the case. During the trial, both Garza and the deceased's mother testified that Jr. was the son of the deceased.

■ We agree with appellant that the child of one wrongfully killed by another has standing to bring a wrongful death action regardless of whether or not the child is legitimate or illegitimate. *See Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); *Weber v. Aetna Casualty and Surety Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

■ However, this is not the correct legal posture in which Jr. was characterized before the trial court. The trial court found that Jr. was the "unrecognized" illegitimate child of the deceased. In other words, there was no evidence in the record to establish that Jr. was the child of the deceased at all. This is a threshhold inquiry which precedes the question of legitimation.

■ The question of what constitutes "recognition" of an illegitimate child is answered essentially by definition of the operative term "recognized." If the father has acknowledged a child as his own by some affirmative act such as a statement of paternity or consent to use his name on a birth certificate or agreeing to accept financial responsibility for the child, then the child may be "recognized" as the child of the individual. *See generally Mills v. Edwards*, 665 S.W.2d 153 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Batchelor v. Batchelor*, 634 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Johnson v. Mariscal*, 620 S.W.2d 905, 908 (Tex.Civ.App.—Corpus Christi 1981), *writ ref'd n.r.e. per curiam*, 626 S.W.2d 737 (Tex.1982). Likewise, the child may become "recognized" if paternity is established by a proceeding under Tex.Fam.Code Ann. § 13.01 *et seq.* (Vernon Supp.1987).

Garza brought suit under the auspices of the Texas Wrongful Death Statute, Tex. Civ.Prac. & Rem.Code Ann. § 71.001 *et seq.* (Vernon 1986).[1] Section 71.004 specifically provides that an action for wrongful death may be brought by the children of the deceased. *See Heil Co. v. Grant*, 534 S.W. 2d 916 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). The word "children" as used in the statute has been held to apply to illegitimate children. *American General Insurance Co. v. Alexander*, 216 S.W.2d 997 (Tex.Civ.App.—Beaumont 1948, writ ref'd); *Galveston, H. & S.A. Ry. Co. v. Walker*, 48 Tex.Civ.App. 52, 106 S.W. 705 (1908, writ ref'd).

■ The Family Code, in Section 11.-01(1), defines "child" to mean a person under 18 years of age who is not and has not been married or who has not had his disabilities removed for general purposes. The Probate Code, in Section 3(b), defines "child" to include an adopted child but not an unrecognized illegitimate child of the father. We believe that, at least for the purposes of standing to bring suit under

---

1. Formerly Tex.Rev.Civ.Stat.Ann. art. 4671.

the Wrongful Death Act, a child must meet the definition of child set forth in the Family and Probate Codes.

In order for a child to be "recognized" under the Probate Code, Section 42(b) provides that the child becomes legitimate if born or conceived before or after marriage of its parents or if the child is legitimated by a court decree as provided by Chapter 13 of the Family Code or if the father executed a statement of paternity as provided by Chapter 13 of the Family Code, or if the father executed a like statement in another jurisdiction. The Probate Code also provides a mechanism for an illegitimate child to petition the court to determine its right to inheritance.

 Turning to the record in this case, we find no evidence that establishes that Jr. was the "recognized" child of the deceased. The testimony of Garza and the deceased's mother were not probative on the question and constitute no evidence. It is possible to establish paternity through the uncorroborated testimony of the mother. *Martinez v. Department of Human Resources*, 620 S.W.2d 805, 808 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). However, the uncorroborated testimony may support legitimation only when the alleged father had the opportunity to controvert the testimony. *Martinez*, 620 S.W. 2d at 808. Obviously, in a legitimation proceeding brought after the death of the alleged father, no opportunity to controvert the mother's testimony exists, and, therefore, her testimony is not probative. The testimony of the deceased's mother is not probative because she lacks personal knowledge to testify as to the parentage of the child. This leaves only the excluded decree of legitimation to support Jr.'s standing to bring suit.

 We find that the trial court properly excluded the legitimation decree because it is void on its face. The decree refers to only one item of evidence: the statement of paternity executed by deceased's mother. As a matter of law, this document cannot support paternity because Tex.Fam.Code Ann. § 13.22 (Vernon 1986) requires that the statement be "executed by the father

of the child." Since the decree recites that the statement was issued by the deceased's mother, it is fatally defective and could not support the decree.

The record before us clearly demonstrates that the decree is void as to the deceased because the court never acquired jurisdiction over him. The decree shows it was entered on January 27, 1986. It is undisputed that the deceased died on April 18, 1984. Personal service was never obtained on the deceased, nor was service obtained on a properly designated personal representative, and the judgment is void as to the deceased.

We are cognizant of the holding in *Manuel v. Spector*, 712 S.W.2d 219 (Tex.App. —San Antonio 1986) (mandamus granted) wherein the court stated that a legitimation proceeding may be brought after the death of the alleged father. We have no dispute with this language. If the record adequately reflects proper service on the deceased or his legal representative, then we see no prohibition to a paternity suit after the death of the father.

There was no probative evidence to support Garza's allegations that Jr. was the child of the deceased. The trial court was correct in granting the directed verdict. Appellant's first point of error should be overruled.

Appellee's motion for directed verdict was also based on the theory that no cause of action based on "dramshop" liability was recognized in Texas. In *El Chico Corp. v. Poole and Joleemo, Inc. v. Evans*, 732 S.W.2d 306 (Tex.1987) a common-law cause of action based on "dramshop" liability was recognized by our Supreme Court. Additionally, the legislature promulgated a civil remedy for one injured by an alcoholic beverage licensee's intoxicated patron. Tex. Alco.Bev.Code Ann. § 2.02 (Vernon Supp. 1987). Any directed verdict granted on the premise that Jr. had no cause of action as a matter of law would be improper.

However, since the trial court's granting of the directed verdict was correct based on Jr.'s lack of standing under the Wrongful Death Act, we find no error in the trial

court's granting of the directed verdict. Appellant's points of error are overruled, and the judgment is AFFIRMED.