Rogelio **RAMIREZ** et al., Appellants,

v.

**ARGUINDEGUI OIL COMPANY,**
Appellee.

No. 15851.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 8, 1978.

J. G. Hornberger, J. G. Hornberger, Jr., Laredo, for appellants.

Fansler, Reese & Palacios, Laredo, for appellee.

CADENA, Chief Justice.

This is an appeal from a judgment dismissing plaintiffs' suit because of their failure to amend their pleadings after special exceptions filed by defendant had been sustained.

The suit was filed by Francisco Ramirez, individually and as next friend of his two minor children, Rogelio Ramirez and Antonio Ramirez, to recover for injuries suffered by the two minors as a result of an automobile collision in Laredo. Although in this opinion the term "defendant" will be used to refer solely to Arguindegui Oil Company, plaintiffs originally sought recovery from eight other parties as well. The suit against the eight other parties was dismissed for various reasons and plaintiffs do not question the propriety of such dismissals.

Paragraph I of plaintiffs' petition alleged that Manuel Davila and Reynaldo Gonzalez operated a service station in Laredo under an agreement between defendant and three other parties. This paragraph contained the allegation that the nature of the agreement between defendant and the three other parties was unknown to plaintiffs. There was no allegation to the effect that Davila and Gonzalez were parties to such agreement.

In Paragraph II plaintiffs alleged that Davila and Gonzalez instructed Isidro Martinez to take a vehicle which had been left at the station for repairs for a test run, and that at the time Davila and Gonzalez knew that Martinez was highly intoxicated. According to the allegations in Paragraph III, Martinez offered a ride to the injured minors who, ignorant of his intoxicated condition, accepted the offer. According to the facts alleged in Paragraph II, when the minors became aware of the fact that Martinez was intoxicated they asked that he stop and let them get off, but Martinez refused and subsequently crashed into the rear end of another vehicle.

Paragraph IV contained the charge that defendants, Davila and Gonzalez, as well as the three parties with whom defendant had made the agreement referred to in Paragraph I of plaintiffs' pleading, were guilty of causal negligence in (1) permitting an incompetent and intoxicated person to use the vehicle which had been left at the station for repairs, and (2) in failing to exercise that degree of care and control over said vehicle as would have been exercised by a person of ordinary prudence.

Defendant excepted to plaintiffs' pleadings on the grounds that (1) the petition in its entirety failed to show any causal connection or relationship between defendant and the accident in question, and (2) the petition failed to allege or show how defendant was responsible for the alleged negligence of Martinez.

The exceptions were sustained, and about two years later plaintiffs' suit against defendant was dismissed. The order of dismissal recites that plaintiffs refused to amend their pleadings.

Plaintiffs' first point urges that the trial court erred in sustaining defendant's special exceptions.

Plaintiffs first contend that defendant's exceptions do not point out intelligibly and with particularity the defect in plaintiffs' petition as required by Rule 91, Tex.R. Civ.P. (1977).

**526**

The defect at which the exceptions are directed is the failure of plaintiffs to allege facts showing that defendant had any connection with the events leading to the accident or was in any way responsible for the negligence of the driver. It is true, of course, that the first exception was directed at the petition "in its entirety," while the second exception was directed at paragraphs I, II, and IV. But an exception which rests on the theory that the challenged pleading lacks certain allegations is, of necessity, directed at the entire pleading, or at least to those portions of the challenged pleading in which an attempt is made to allege the circumstances which give rise to the asserted cause of action. The abolition of the general demurrer does not prohibit an exception which points out that no where in the opponent's pleading is an essential allegation to be found. The exceptions here did not merely challenge the petition on the ground that it failed "to state a cause of action." The exceptions here specifically pointed out the pleading of plaintiffs failed to allege, even in a conclusionary manner, that defendant had any control over the vehicle in question or was in any way connected with the operation of the service station so as to create on the part of defendant a duty to exercise care in the entrustment of the vehicle.

There is nothing in the petition which can serve as a basis for imposing vicarious liability on defendant. The allegations are to the effect that the service station was being operated by Davila and Gonzalez. It does not suggest that either Davila or Gonzalez was the agent, servant, or employee of defendant. There is no hint of any relationship between Davila and Gonzalez, on the one hand, and defendant on the other. The petition does not allege the existence of any contractual arrangement between the operators of the filling station and defendant. The contract referred to in Paragraph I of the petition is alleged to be an agreement among defendant and three other parties.

The exceptions clearly pointed out the omission and, therefore, differ radically from the exceptions condemned in such cases as *McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd, n. r. e.).

Plaintiffs' second point, which complains of the dismissal of their suit, is without merit. Plaintiffs had almost two years in which to amend their pleadings after the exceptions were sustained. In the absence of a curative amendment, the dismissal was proper. *City of Roma v. Starr County,* 428 S.W.2d 851 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.