**In the Interest of J. A. M.**

**No. B–9871.**

Supreme Court of Texas.

April 28, 1982.

Roy T. Sparkman, Wichita Falls, for petitioner.

Crampton, Crampton & Estrada, Holly Crampton, Wichita Falls, for respondent.

GREENHILL, Chief Justice.

The question in this paternity suit is the constitutionality of a one-year statute of limitation set out below.

The Court of Civil Appeals sitting at Fort Worth held the statute to be unconstitutional. 605 S.W.2d 332. Other courts of civil appeals had held the statute constitutional. *Texas Dept. of Human Resources v. Hernandez*, 595 S.W.2d 189 (Tex.Civ.App.—Corpus Christi 1980, no writ); and *Texas Dept. of Human Resources v. Chapman*, 570 S.W.2d 46 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). We granted the writ of error to resolve the conflicts.

After oral argument to us, we learned that the Supreme Court of the United States was considering the question. We, therefore, withheld a decision in this case until the U. S. Supreme Court made its decision. That decision was issued on April 5, 1982, *Mills v. Habluetzel,* —— U.S. ——, 102 S.Ct. ·1549, 71 L.Ed.2d 770. The holding was that the Texas one-year statute is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment. We, of course, follow that opinion and affirm the judgment of the Court of Civil Appeals. The above opinions of our courts of civil appeals, insofar as they conflict with this opinion and that of the Supreme Court of the United States, are disapproved.

Brenda Miller, the mother of J. A. M., brought suit on the child's behalf against Joel S. Maness. She alleged that Maness was the biological father of the child. She asked that the parent-child relationship be established. From that, a duty to support would follow. The child was born on May 21, 1978. Suit was filed on October 11, 1979.

At that time, there was a one-year statute of limitation in such a paternity suit.[1] It read:

A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred.

Maness urged the one-year statute, and the trial court sustained the plea. The Court of Civil Appeals reversed that judgment and remanded the cause to the district court for trial.

Similar facts and the one-year statute were before the Supreme Court of the United States in the *Mills* case cited above. That court noted that there was no similar barrier for the support of a legitimate child.

---

1. Acts 64th Legislature, First Called Session 1975, chapter 476, at page 1261. That was an amendment to the Family Code, section 13.01. The one-year statute is no longer contained in Vernon's Texas Family Code. The amended section 13.01, providing a four-year statute of limitation, is contained in the 1982 pocket part of Vernon's Texas Family Code. The four-year statute was added in 1981 after this suit arose.

There was, therefore, unreasonable unequal treatment without sufficiently justifiable state interest. The court's opinion gave reasons why a one-year period was too short to provide illegitimate children a bona fide opportunity to obtain paternal support. The holding was, therefore, that the one-year statute did not afford equal protection. The court did not reach the due process question.

The Supreme Court's opinion dealt only with the one-year statute of limitation which was in effect when the *Mills* case was tried. The court's attention was called to the present four-year statute of limitation mentioned in our footnote one.

Justice O'Connor wrote a concurring opinion because she feared that the court's opinion "may be misinterpreted as approving the four-year statute of limitations now used in Texas." She concluded, "Because I do not read the Court's decision as prejudging the constitutionality of longer periods of limitation, I join." Justice O'Connor was joined by the Chief Justice and Justices Brennan and Blackmun. Justice Powell filed a separate concurring opinion in which he agreed with the result of the court but did not join the court's opinion. He agreed with Part I of Justice O'Connor's concurring opinion and was also concerned "that the Court's opinion may be read as prejudging the constitutionality of longer periods of limitation."

The four-year statute is not before us, and we express no opinion as to its constitutionality.

The judgment of the Court of Civil Appeals is affirmed.