**In the Interest of Adrian Dmitri SMITH, Jo Van Smith, Appellants,**

**v.**

**Jimmy Deleon CORNELIUS, Appellee.**

**No. 05–83–00425–CV.**

Court of Appeals of Texas, Dallas.

Jan. 4, 1984.

Jim G. Cobb, Dallas, for appellants.

Patricia H. Florence, Florence, Florence & Woodson, Hughes Springs, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

STEPHENS, Justice.

The single question presented by this appeal is the constitutionality of section 13.01 of the Texas Family Code, as it existed from September 1, 1981, until June 19, 1983. During that period of time, TEX. FAM.CODE ANN. § 13.01 (Vernon Supp. 1982–1983) provided that a suit to establish the paternity of a child must be brought within four years of the birth of the child. We hold that section 13.01, of the Texas Family Code as it existed from September 1, 1981 until June 19, 1983 was unconstitutional. Accordingly, we reverse and remand.

Jo Van Smith filed suit in district court to establish the parent-child relationship between her son, Adrian Dmitri Smith, a child born out of wedlock, and Jimmy Deleon Cornelius. On the date of the filing, August 23, 1982, the child was four years and ten months old. Cornelius answered by pleading the four year limitation period prescribed by section 13.01 of the Texas Family Code, as it then existed, and moved for summary judgment. The trial court granted summary judgment and Jo Van Smith appeals.

From September 1, 1975, until September 1, 1981, section 13.01 of the Texas Family Code provided for a one year statute of limitations. Effective September 1, 1981, the legislature amended section 13.01 to provide for a four year statute of limitations. Effective June 19, 1983, section 13.-01 was again amended. The amendment effective June 19, 1983 is still in effect, providing:

> A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought on or before the second anniversary of the day the child becomes an adult, or the suit is barred.

> A cause of action that was barred before the effective date of this Act but would not have been barred by Section 13.01, Family Code, as amended by this Act, is not barred until the period of limitations provided by Section 13.01, Family Code as amended by this Act, has expired.

Act of June 19, 1983, ch. 744, §§ 1 & 2, 1983 Tex.Sess.Law Serv. 4530, 4531 (Vernon).

In *Mills v. Habluetzel*, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), the United States Supreme Court held the Texas one year statute of limitations unconstitutional, based on the equal protection clause, U.S. CONST. amend. XIV, § 1, yet declined to rule on the four year statute. In a concurring opinion by Justice O'Connor, in which Chief Justice Burger, Justice Brennan and Justice Blackmun joined, Justice O'Connor expressed her fear that the opin-

ion of the Court might be misinterpreted as approving the four year statute of limitations, which was then in existence. The majority opinion, although requiring Texas to provide illegitimate children with a bona fide opportunity to obtain paternal support, did not require the adoption of procedures identical to those provided legitimate children. The Supreme Court then enunciated two requirements which must be shown to satisfy the equal protection principles. First, the period for obtaining support granted by Texas to illegitimate children must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims.

In her opinion Justice O'Connor made two significant observations, relying on a case from this court. First, with respect to the second requirement, that the State, although having an interest in preventing the prosecution of stale and fraudulent claims, also has a strong interest in ensuring that genuine claims for child support are not denied, so that the number of individuals forced to enter the welfare rolls will not escalate; and second, that it was significant that a paternity suit is one of the few Texas causes of action not tolled during the minority of the child. *Texas Department of Human Resources v. Delley*, 581 S.W.2d 519 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). She further noted that modern technology was making the objective determination of paternity much more exact, and implied that arbitrary time limits for proof of paternity might be a thing of the past. Justice Powell expressly joined in Justice O'Connor's views although he did not join in the majority opinion, thus placing the majority of the Supreme Court in support of her views. Pursuant to *Mills*, on April 28, 1982, the Texas Supreme Court, in *In re J.A.M.*, 631 S.W.2d 730 (Tex.1982), also declared the one year stat-

ute of limitations unconstitutional, but declined to rule on the four year statute.

In *Pickett v. Brown,* — U.S. —, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), the Supreme Court condemned a Tennessee statute of limitations of two years. The significance of the opinion in *Pickett* is the detailed analysis of *Mills,* and the adoption by the Court of Justice O'Connor's views expressed in her concurring opinion.[1]

Although the United States Supreme Court has indicated that a statute of limitations, if sufficiently long, does not violate the equal protection clause of the Constitution, an analysis of *Mills* and *Pickett* leads us to the conclusion that four years is an insufficient time period. Additionally, we conclude that the second test set out in *Mills* has not been met. The action of the Texas Legislature in amending section 13.01 of the Texas Family Code in 1983, extending the time limit to bring such action until the second anniversary of the day the child becomes an adult, is evidence that the State's valid interest in preventing stale or fraudulent claims is not necessarily defeated by a limitations period longer than four years. Accordingly, we hold section 13.01 as it existed between September 1, 1981, and June 19, 1983, to be unconstitutional.

The case is reversed, and the cause is remanded for a new trial.

---

1. For an excellent article on the history of this problem, see O'Brien, *Illegitimacy: Suggestion*

*for Reform Following "Mills v. Habluetzel,"* 15 ST. MARY'S L.J. 79 (1983).