**Sandra Lee SEYFFERT, Appellant,**

v.

**R.L. BRIGGS, Appellee.**

**No. 9504.**

Court of Appeals of Texas,
Texarkana.

Feb. 10, 1987.

Rehearing Denied March 4, 1987.

Jerry K. Atkins, Jerry K. Atkins & Associates, Houston, for appellant.

J.E. Jackson, Rick McPherson, Carthage, for appellee.

GRANT, Justice.

Sandra Seyffert appeals from an order in a probate proceeding striking her pleadings for failure to allege a justiciable interest.

H.W. Briggs died testate. His only wife predeceased him, and there were no children of the marriage. His nephew, R.L. Briggs, offered the will for probate. The named executors were unavailable, and the nephew requested the court to appoint him as administrator of the estate (with will annexed). Seyffert contested his appointment on the basis that she is the daughter of Briggs, and therefore has priority over the nephew to be appointed administratrix of the estate. She also contended that the will offered for probate had been revoked.

R.L. Briggs filed an exception to Seyffert's pleading, contending that she had failed to allege standing. The trial court struck Seyffert's pleadings on the ground that she failed to allege an interest on her part, citing the Tex.Prob.Code Ann. § 42(b) (Vernon 1980) as authority for the action.[1]

---

1. The following order was entered by the trial court:

ORDER STRIKING PLEADINGS AND SETTING APPLICATION FOR LETTERS OF ADMINISTRATION WITH WILL ANNEXED

On this the 31st day of March, 1986, the Court does hereby find that the contest filed herein by Sandra Lee Seyffert is defective in that it fails to allege an interest or justiciable interest on the part of Contestant, Sandra Lee Seyffert, and the Pleadings of Contestant, Sandra Lee Seyffert, are hereby stricken, and this case is set for hearing on the Application for Letters of Administration With Will Annexed for Monday, April 7, 1986, at 10:00 a.m.

The Court at a prior hearing took this matter under advisement. Attorneys for Respondent was at that time informed that they should apprise the Court of the basis of their justiciable interest in this case. To date, they have not done so; and, additionally, Proponents have filed Motions to Produce and Interrogatories that have gone unanswered.

*Batchelor v. Batchelor,* 634 S.W.2d 71 (Tex. App.1982); *Reed v. Campbell,* 682 S.W.2d 697 (Tex.App.1984); and *Mills v. Edwards,* 665

Seyffert's first six points contend that the trial court erred in granting summary judgment against her. Although a motion for summary judgment had been filed by R.L. Briggs and the court had held a hearing on this motion, the record does not indicate that a summary judgment was granted.[2] Inasmuch as a summary judgment was not granted, we must overrule Seyffert's first six points of error contending that the trial court erred in granting a summary judgment.

■ Her seventh point of error stated that the trial court erred in granting the order striking the pleadings, because she had amended her pleadings to more specifically plead her interest in the estate. The order striking Seyffert's pleading was apparently made in response to R.L. Briggs' "Objections to Defect in Pleadings."[3] In this motion, Briggs prayed that Seyffert's pleadings be struck.[4] A hearing was held on this motion on January 10, 1986, and Seyffert was ordered to amend her pleadings to show standing.

■ The later order striking her pleadings states that the basis of the ruling is the failure of Seyffert to allege a justiciable interest. Section 10 of the Texas Probate Code provides that any person interested in an estate may contest a probate proceeding. Section 3(r) of the Texas Probate Code defines "interested persons" or "persons interested" as heirs, devisees, spouses, creditors, or any person having a property right in, or claim against the estate being administered. We must look at the Seyffert pleadings to determine if she has alleged such an interest.

In pleadings filed by Seyffert on March 18, 1986, she twice alleges that she is the child and natural daughter[5] of Hubert W. Briggs. She further alleges the following:

Decedent acknowledged Contestant as his daughter in a written statement prior to January 1, 1974. Under the provisions of Texas Family Code Section 13.24, this

S.W.2d 153 (Tex.App.1983), are authority for the Court's action in this matter. Those cases hold that, under Section 42(b) of the Probate Code, a child is the legitimate child of his father and may inherit from this father under three circumstances:
1. If he's born or conceived before or during the marriage of his father and mother;
2. If he is legitimized by Court decree as provided in Chapter 13 of the Family Code; or
3. If the father has executed the statement of Paternity as provided in Section 13.22 of the Family Code, or a like statement properly executed in another jurisdiction.
Proponents have been given approximately four months to show that they qualify as an heir in the event the Will that has been filed for Probate was found to be invalid.
Signed and entered this 31st day of March, 1986.

**2.** Furthermore, case law indicates that rendering a summary judgment when the plaintiffs have not demonstrated a justiciable interest in the case is improper. *Eddowes v. Curry,* 599 S.W.2d 367, 370 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

**3.** The objections to defect in pleadings motion was set for hearing by the court on January 10, 1986. The contentions in this case indicate some confusion about the nature of the hearing of January 10. The proper procedure to follow on the issue of a contestant's interest is to try the issue separately in an in limine proceeding and then advance to the trial on the issues affecting the validity of the will. This is done before the court without a jury. *Edwards v. Haynes,* 690 S.W.2d 50 (Tex.App.—Houston [14th Dist.]), *rev'd on other grounds,* 698 S.W.2d 97 (Tex.1985). However, based upon the order setting the hearing and the order striking the pleadings, we have construed this hearing to concern only the sufficiency of Seyffert's pleadings.

**4.** The colloquy between the court and the attorney for R.L. Briggs at the hearing on the pleadings indicates that the order of dismissal resulted from that motion and not the motion for summary judgment:
THE COURT: He's the one objecting. You answered it. I need some authority before I dismiss the case.
MR. JACKSON: We're not asking it to be dismissed. We're asking the pleadings be strickened (sic).
THE COURT: That's the same thing.

**5.** The term *natural child* has been defined to mean an illegitimate child. *Zepeda v. American National Insurance Co.,* 527 S.W.2d 467 (Tex. Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Seyffert's allegations that she is Briggs' "natural child" does not entitle her to standing as an heir because it was not coupled with allegations entitling her to standing under the Probate Code. Seyffert's pleading clearly shows that her contention of heirship is based upon Section 13.24 of the Texas Family Code.

statement is valid and binding. Therefore, under Section 42(b) of the Texas Family Code, Contestant is entitled to inherit from decedent.

Section 42(b) of the Probate Code provides that a child is the legitimate child of the father for purposes of inheritance if the father executed a statement of paternity as provided by Tex.Fam.Code Ann. § 13.22 (Vernon 1986).

Section 13.22 of the Family Code provides as follows:

The statement of paternity authorized to be used in Section 13.21 of this code must be executed by the father of the child as an affidavit and witnessed by two credible adults. The affidavit must clearly state that the father acknowledges the child as his child, that he and the mother, who is named in the affidavit, were not married to each other at the time of conception of the child or at any subsequent time, and that the child is not the legitimate child of another man. The statement must be executed before a person authorized to administer oaths under the laws of this state.

Seyffert had not contended that she qualified for inheritance directly under Section 13.22, but she contends that Hubert W. Briggs acknowledged her as his daughter in a written statement which falls under Tex.Fam.Code Ann. § 13.24 (Vernon 1986). Section 13.24 reads as follows:

A statement acknowledging paternity or an obligation to support a child which was signed by the father before January 1, 1974, is valid and binding even though the statement is not executed as provided in Section 13.22 of this code and is not filed with the Texas Department of Human Services or with the court.

■ For purposes of the Family Code, a statement of paternity, which complies with Section 13.22, is prima facie evidence that the child is the child of the person executing the statement.[6] Thus, the affiant can be adjudicated to be the father solely on the basis of this affidavit. However, this does not prevent the affiant from rebutting the statement. If the statement was made prior to January 1, 1974, the statement could also be used as prima facie evidence, even if it did not meet the requirements of Section 13.22. The purpose of Chapter 13 of the Family Code is to establish a court procedure for determination of paternity.

■ Seyffert quotes the language from Section 13.24 in her pleadings to the effect that the statement is "valid and binding." However, we do not believe that the Legislature intended statements that are not sworn and witnessed to have a greater effect than sworn and witnessed statements under Section 13.22. Therefore, we conclude that the term "valid and binding" in this section refers to the statement being valid and binding as prima facie evidence.

■ Section 42(b) of the Probate Code uses the statements executed pursuant to Section 13.22 of the Family Code for a different purpose than the evidentiary effect set forth in the Family Code. Section 42(b) provides that the statement executed by the father is sufficient in and of itself to establish the right of inheritance. No litigation is required, and the statement is not merely evidentiary, but conclusive.

Both Sections 13.22 and 13.24 were present in the Family Code at the time Section 42(b) was passed. However, the Legislature restricted the requirements of Section 42(b) to statements complying with Section 13.22 of the Family Code. It must be presumed that the Legislature acted deliberately and purposefully, and that every word excluded from a statute must have

---

6. Tex.Fam.Code Ann. § 13.23 (Vernon 1986) sets forth the effect of a statement of paternity:

(a) A statement of paternity executed as provided in Section 13.22 of this code is prima facie evidence that the child is the child of the person executing the statement and that the person has an obligation to support the child.

(b) If the father's address is unknown or he is outside the jurisdiction of the court at the time a suit is instituted under Section 13.21 of this code, his statement of paternity, in the absence of controverting evidence, is sufficient for the court to enter a decree establishing his paternity of the child.

been excluded for a reason. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

A child can use a statement complying with Section 13.24 of the Family Code as evidence in a paternity suit, and thus become legitimated by court decree. This would then allow the child to inherit under Section 42(b) of the Probate Code. However, there are no allegations that Seyffert was legitimated in the present case.

Seyffert also alleged in her November 6, 1985, pleadings that she was "recognized" by H.W. Briggs as his natural daughter. It is her contention that because of this recognition she is entitled to inherit. This contention appears to be based on the idea that a "recognized" illegitimate child is entitled to inherit through a construction of Tex.Prob.Code Ann. § 3(b) (Vernon 1980), involving the definition of the term "child." In the case of *Johnson v. Mariscal,* 620 S.W.2d 905 (Tex.Civ.App.—Corpus Christi 1981), *writ ref'd n.r.e. per curiam,* 626 S.W.2d 737 (Tex.1982), *cert. denied,* 458 U.S. 1112, 73 L.Ed.2d 1375, 102 S.Ct. 3496 (1982), the court looked back to the general definition of "child" in Section 3(b) to hold that a distinction was drawn between a recognized as opposed to an unrecognized illegitimate child of the father. That reasoning has been expressly rejected in three subsequent cases considering that same point. *In re Estate of Castaneda,* 687 S.W.2d 465 (Tex.App.—San Antonio 1985, no writ); *Mills v. Edwards,* 665 S.W.2d 153 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Batchelor v. Batchelor,* 634 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Each of these cases specifically held that Section 42(b) of the Probate Code provides the only method by which an illegitimate child may inherit from its father. The Texas Supreme Court expressly refused to rule on this question in considering *Mariscal v. Johnson,* 626 S.W.2d 737, at 738. We concur with the reasoning in *Batchelor, supra,* where that court said:

> We hold that the Legislature in enacting Section 42(b) of the Probate Code, following the United States Supreme Court decision in *Lalli, supra,* designat-

ed the only three means by which an illegitimate child may inherit through his father. We think those means are exclusive, and if the Legislature had intended to include a "recognized" child as one able to inherit from its father, it would have said so in appropriate language.... It cannot be assumed that the Legislature intended for Section 3(b) to provide an alternative or additional means of intestate succession, especially when it took pains to set out the statutory procedures requisite to inheritance.

We find that Seyffert has not alleged a justiciable interest. In the absence of a curative amendment to Seyffert's pleadings alleging a justiciable interest, the trial court should have dismissed the suit. *Ramirez v. Arguindegui Oil Co.,* 562 S.W.2d 524 (Tex.Civ.App.—San Antonio 1978, no writ); *Eddowes v. Curry,* 599 S.W.2d 367 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). However, although the effect of the trial court's action is the equivalent of a dismissal, we conclude that technically the trial court erred in striking the pleadings.

The trial court's order striking the pleadings is reversed, and this cause is dismissed without prejudice.