**Mildred Lee Simpson DICKSON, Appellant,**

v.

**Johnnie Sam SIMPSON, Appellee.**

**No. 3-88-178-CV.**

Court of Appeals of Texas, Austin.

Dec. 13, 1989.

Rehearing Denied Jan. 10, 1990.

**724**

Craig Washington, Sr., Washington, Lampley, Evans & Braquet, Houston, R. Stephen McNalley, Austin, for appellant.

C.C. Small, Jr., Small, Craig & Werkenthin, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant Mildred Lee Simpson Dickson seeks to set aside the order of the district court of Lee County dismissing her contest of the probate of the will of her alleged biological father, E.E. Simpson. Appellee is Johnnie Sam Simpson, widow and sole devisee under the tendered will. This Court will affirm the district court's order.

E.E. Simpson died on December 21, 1985 in Lee County at age seventy-three. Appellant claimed to be decedent's daughter born out of wedlock in 1932. Appellee, the surviving widow, filed application for probate of the will in November 1987. Appellant filed a contest to the will claiming to be an heir.

Appellee then moved to dismiss appellant's contest asserting that appellant was not a person "interested" in the estate entitled to oppose probate. Tex.Prob.Code Ann. § 10 (1980). Section 10 provides:

> Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits.

■ An "interested person" is one who has a pecuniary interest in the result of the proceeding. The person must hold "some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in

some manner materially affected, by the probate of the will." *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212, 215 (1947). It was appellant's burden, as contestant, to plead and prove that she had an interest in the estate that would be affected by the decedent's will, if admitted to probate. *Abrams v. Ross' Estate,* 250 S.W. 1019, 1021 (Tex.Comm'n App.1923, opinion adopted).

In 1985, when E.E. Simpson died, the law provided three ways that an illegitimate child could inherit from the child's biological father:

(a) if the child is born or conceived before or during the marriage of the child's father and mother; or

(b) if the child is legitimated by a court decree as provided in Tex.Fam.Code Ann. § 13.01; or

(c) if the father executed a statement of paternity.

1979 Tex.Gen.Laws, ch. 713, § 5 at 1743 [Tex.Prob.Code § 42(b), since amended].[1]

In its order dismissing the contest, the district court found on undisputed facts that appellant's mother had never married the decedent nor had the decedent executed a statement of paternity. The court concluded further that, as a matter of law, appellant's right, if any, to seek a court order of legitimization pursuant to § 13.01, as authorized by § 42(b), arose on August 27, 1979 (the effective date of the amendment to § 42(b) which established this alternate method of establishing the right of an illegitimate child to inherit from his or her father). Appellant's right to seek such court order, reasoned the district court, was barred by the general four year statute of limitations. Tex.Civ.Prac. & Rem. Code § 16.051 (1986). In sum, the district court concluded that appellant had not qualified to inherit from Simpson under any one of the steps afforded by § 42(b). Accordingly, the district court determined that because she was not an heir of the decedent and was not entitled to share in the estate, appellant was not an "interest-

---

1. In 1987 § 42(b) was amended to give illegitimate persons a statutory right to establish paternity during probate. 1987 Tex.Gen.Laws, ch. 464, § 1 at 2051.

ed" person pursuant to Tex.Prob.Code Ann. § 10 and was not entitled to contest the application for probate.

■ Contrary to appellant's assertions, the procedures afforded by § 42(b) provide the exclusive method by which an illegitimate child may inherit from his or her father. *Seyffert v. Briggs,* 727 S.W.2d 624, 628 (Tex.App.1987, writ ref'd n.r.e.); *Batchelor v. Batchelor,* 634 S.W.2d 71, 73 (Tex.App.1982, writ ref'd n.r.e.). *See Brown v. Edwards Transfer Co., Inc.,* 764 S.W.2d 220, 222 (Tex.1988).

The only § 42(b) alternative arguably available to appellant was by court order legitimating her. The district court concluded, correctly, that this alternative was foreclosed by the four year general statute of limitations.

The provision for legitimization by court order was added by amendment to § 42(b) effective August 27, 1979 ("For purposes of inheritance, a child is the legitimate child of his father if the child ... *is legitimated by a court order as provided by Chapter 13 of the Family Code ...*") (emphasis supplied). Subchapter A of Chapter 13 concerns paternity suits involving minor children. Section 42(b) refers to § 13.01 of Chapter 13; this section sets out the time during which a suit to establish the paternity of an illegitimate child may be filed. Section 13.01 originally provided that the paternity suit "must be brought before the child is one year old, or the suit is barred." 1975 Tex.Gen.Laws, ch. 476, § 24 at 1261 [Tex.Fam.Code § 13.01, since amended].[2] The original version of § 13.01 was in effect in 1979 when § 42(b) was expanded to confer inheritance rights upon illegitimate children by court order.

In the 1979 amendments to § 42(b), expanding the inheritance rights of illegitimate persons, the legislature turned to a paternity procedure already in place, § 13.01. At that time, the procedure was limited to suits by children to establish paternity; currently, it extends the right to two years beyond minority. Some doubt arises, therefore, whether the legislature intended the amendment to permit illegitimate adults an opportunity to determine inheritance rights by a court order. For purposes of this appeal, however, we will assume that the legislature by creating this new remedy, intended to authorize illegitimate adults to determine inheritance rights by court order. However, just as the illegitimate child's right was statutorily limited, so was the illegitimate adult's right limited.

The original and amended versions of § 13.01 contain internal limitation periods tied to periods commencing with the birth of the child: one year, four years, or twenty years. As is apparent, none of such limitation periods address appellant's situation on August 27, 1979, when she first obtained the right to legitimization by court order. Appellant, on that date, was a forty-seven year old adult. Because there was no express limitation period applicable to appellant's right to file a paternity suit pursuant to § 42(b), we conclude that the four year general limitations period was applicable. Tex.Civ.Prac. & Rem.Code Ann. § 16.051.

In 1979, appellant was an adult and there was no contention that she was under any disability. From August 27, 1979, she could have undertaken to establish paternity by court order. Instead, she took no action until after E.E. Simpson's death.

■ Appellant's right to establish inheritance status by court order of paternity commenced upon the effective date of the amendment to § 42(b), August 27, 1979. She had no such remedy before that date.

---

**2.** Responding to successive court challenges, the legislature amended § 13.01, effective September 1, 1981, to provide that suit had to be filed before the child is four years old. *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982); 1981 Tex.Gen.Laws, ch. 674, § 2 at 2537 [since amended]. Then, effective June 19, 1983, § 13.01 was again amended to provide that the suit must be "brought on or before the second anniversary of the day the child becomes an adult." *Smith v. Cornelius,* 665 S.W.2d 182 (Tex.App.1984, no writ); 1983 Tex.Gen.Laws, ch. 744, § 1 at 4530–31 [since amended]. Accordingly, an adult has the right for a limited period to pursue a paternity suit under § 13.01 even though he is no longer a child as defined by Tex.Fam.Code § 11.01(1).

We are of the view that an uninhibited adult illegitimate, having the right to seek legitimization by court order conferred by § 42(b), is required to pursue that remedy within the time permitted by the four year general limitations statute.

By many points of error, appellant attacks the judgment claiming that § 42(b) is unconstitutional. As we understand her brief, appellant's principal contention is that § 42(b), as construed and applied by the district court, denied her equal protection under the Fourteenth Amendment to the United States Constitution. Her premise is that the state may not deny an illegitimate child any of the rights granted to a legitimate child.

■ In considering whether classifications based on sex or illegitimacy violates equal protection under the Fourteenth Amendment, the United States Supreme Court applies an "intermediate" level of scrutiny. To withstand intermediate scrutiny, a statutory classification must be substantially related to an important governmental objective. *Clark v. Jeter*, 486 U.S. 456, ——, 108 S.Ct. 1910, 1914, 100 L.Ed.2d 465 (1988).

Several state statutory procedures relative to the establishment of an illegitimate child's right to inherit from his or her purported father have been considered by the United States Supreme Court. Although in some cases, the particular statute has been invalidated, the Supreme Court has acknowledged that statutory provisions that have an evident and substantial relation to the state's interest in providing for the orderly and just distribution of a decedent's property at death will be sustained.

In *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the Court considered a statute that permitted an illegitimate child to inherit from his or her father only if the father had "acknowledged" the child *and* the child had been legitimated by the marriage of the parents. The Court held that the statute created an exceptional burden which was invalid under the Fourteenth Amendment. In *Trimble*, however, the Court specifically acknowledged that statutes which were carefully tuned to alternative conditions could withstand judicial scrutiny. *Id.* at 772, 97 S.Ct. at 1466 (citing *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976)).

The statute in *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978) offered the illegitimate child the opportunity to obtain a court order of paternity during the lifetime of the father as a precondition to inheritance. The Supreme Court upheld the provision. As appellee points out, of significant importance in *Lalli*, was the fact that under the statute the illegitimate child had some control over the means by which he or she was rendered legitimate as against the purported father's ability to control this process.

In *Reed v. Campbell*, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986), the Court, although following the *Trimble* holding that an absolute bar to parental inheritance by an illegitimate child is impermissible, acknowledged that in prior opinions:

> We have, however, also recognized that there is a permissible basis for some 'distinctions made in part on the basis of legitimacy'; specifically, we have upheld statutory provisions that have an evident and substantial relation to the State's interest in providing for the orderly and just distribution of a decedent's property at death. (citation and footnote omitted).

and, that

> The state interest in the orderly disposition of decedents' estates may justify the imposition of special requirements upon an illegitimate child who asserts a right to inherit from her father, and, *of course*, it justifies the enforcement of generally applicable limitations on the time and the manner in which such claims may be asserted. (emphasis added).

*Id.* at 854–55, 106 S.Ct. at 2236–37.

■ This Court is of the opinion that the alternative of a court order afforded the illegitimate child by § 42(b) is of higher quality as far as the illegitimate child is concerned than the statutory alternative considered in *Lalli*. Section 42(b) permits

 

the illegitimate child, independent of his or her purported father, to establish his or her right to inheritance by obtaining a court order determining paternity. We conclude that § 42(b) is substantially related to an important governmental objective and, hence, does not deny appellant equal protection.

Appellant has other arguments which we have considered and which we overrule.

The judgment is affirmed.