NUMBER 13-01-724-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
 
PATRICIA ANN PARRISH AND RENA DAVIS,                         Appellants,
v.
MELBA LAVERNE RUTHERFORD, ADMINISTRATRIX 
OF THE ESTATE OF CLAUDE J. RUTHERFORD,
DECEASED,                                                                                   Appellee.




On appeal from the County Court at Law No. 2
of Montgomery County, Texas.




 O P I N I O N

Before Justices Hinojosa, Rodriguez, and Amidei


 
                            Opinion by Justice Amidei
            Patricia Ann Parrish and Rena Davis, appellants, appeal from an order declaring
heirship after a bench trial. Appellants claim in seven issues that: (1) the trial court
erred in finding that Kristin Anglin was a daughter of Claude J. Rutherford, deceased,
notwithstanding Anglin’s statement she did not want to be involved with the
proceedings; (2) there was no evidence or insufficient evidence to support such
finding; (3) the trial court erred in denying appellants’ motion for default judgment; and
(4) the trial court erred in allowing the administratrix to act as an advocate for Anglin
and allowing the administratrix corresponding attorney’s fees. We affirm.
Standard of Review
         The appellant’s brief must contain the following: a succinct, clear, and accurate
statement of the arguments made in the body of the brief with appropriate citations
to authorities and to the record. Tex. R. App. P. 38.1(g)(h).
         No judgment may be reversed on appeal on the ground that the trial court made
an error of law unless the court of appeals concludes that the error complained of
probably caused the rendition of an improper judgment, or probably prevented the
appellant from properly presenting the case to the court of appeals. Tex. R. App. P.
44.1(a)(1),(2).
         Where a defendant has filed an answer but fails to appear for trial, a judgment
by default is improper. Bibby v. Preston, 555 S.W.2d 898, 901 (Tex. Civ. App.–Tyler
1977, no writ); see Tex. R. Civ. P. 239.
         In reviewing no evidence points, we must review the evidence in a light which
tends to support the finding of the disputed fact and disregard all evidence and
inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).
Analysis
         Appellants assert in their first issue that the trial court erred in failing to grant
their motion for default judgment as to Kristin Anglin. Appellants incorrectly state that
Anglin filed no answer. In the instant case, the trial court had properly appointed an
attorney ad litem for the decedent’s unknown heirs pursuant to the request in
appellee’s application for community administration, as it indicated service was to be
made by publication. Tex. R. Civ. P. 244; Tex. Prob. Code Ann. §§ 34A, 49(b), 50(b),
53(b) (Vernon 2003); Cahill v. Lydia, 826 S.W.2d 932, 933 (Tex. 1992) (trial court
must appoint attorney ad litem to represent defendants served with citation by
publication who fail to file an answer or appear before the court). The attorney ad
litem appointed to represent the unknown heirs of the deceased, whose names and/or
whereabouts were alleged as unknown, filed an answer on Anglin’s behalf denying
appellant Parrish’s allegation that appellants Parrish and Davis were the deceased’s
only children. The trial court does not have authority to render a default judgment if
an answer has been filed. Tex. R. Civ. P. 239.
         Appellants cite no authority that Anglin’s presence at trial was required to avoid
a default judgment, or that it was error for the trial court to deny a motion for default
judgment in the same or similar situation. See Tex. R. App. P. 38.1(h). Moreover, it
appears that Anglin did appear at the time the case was set for trial, but did not appear
the second day or the next day the case was reset. 
         Appellants further claim that Anglin requested that she be dismissed or
withdrawn from the case, and also allege that Anglin had no justiciable interest in the
matter. However, the record does not indicate Anglin withdrew or was dismissed from
the case. Under the probate code, a child of the deceased who may be living, whose
name or whereabouts are unknown, has a justiciable interest in a declaration of
heirship proceedings, even if disputed. Tex. Prob. Code Ann. § 53(b) (Vernon 2003). 
Anglin’s justiciable interest in the case was evidenced by appellee’s applications for
community administration and for letters of administration. 
         The case cited by appellants, Seyffert v. Briggs, 727 S.W.2d 624 (Tex.
App.–Texarkana 1987, writ ref’d n.r.e.), is not on point. Seyffert involved a pleading
defect which the trial court wrongly refused to correct. Id. at 626. The case does not
address the issue of whether the trial court wrongly refused a default judgment
because the defendant had no justiciable interest. See id. at 626-27.
         Appellants’ first issue is overruled.
         Appellants’ second and third issues assert that the trial court erred in allowing
the attorney ad litem to testify that, in his opinion, Anglin was a daughter of the
deceased, and in allowing the attorney ad litem to represent Anglin. Contrary to the
appellate rules, the appellants do not clearly develop an argument or cite any authority
to support these issues. See Tex. R. App. P. 38.1(g),(h).
         Moreover, we would overrule these issues on the merits. The record shows that
the attorney ad litem withdrew as Anglin’s attorney ad litem six months before trial. 
Further, Melba Rutherford, the widow of the deceased, and Suzie Mayo Smith,
Anglin’s mother, both testified that Anglin was a daughter of the deceased. We
conclude that, even excluding the ad litem’s testimony, there was sufficient evidence 
before the trial court that Anglin was a daughter of the deceased.
         Appellants’ second and third issues are overruled.
         Appellants’ issues four and five contend the trial court erred in allowing the
administratrix to act as an advocate for Anglin and allowing the administratrix
corresponding attorney’s fees. Appellants made a request for a partial reporter’s
record by requesting the record in two hearings, but failed to request a record
regarding the hearing on attorney’s fees held October 3, 2001. Tex. R. App. P.
34.6(c)(1). Further, appellants’ notice of appeal failed to specify they were appealing
the October 3, 2001 order awarding attorney’s fees. Tex. R. App. P. 25.1(d)(2). This
issue is not preserved for appeal. Tex. R. App. P. 25.1, 33.1. 
         Even assuming appellants perfected an appeal regarding attorney’s fees, the
administratrix was entitled to recover attorney’s fees incurred in the management of
the estate. Tex. Prob. Code Ann. § 242 (Vernon 2003). Appellants’ opinion that the
administratrix‘s use of an attorney was wasteful is unsupported by the record or any
authority. Tex. R. App. P. 38.1(g),(h). Further, appellants waived any objection or
challenge to standing because they failed to make an exception, objection, motion or
plea in abatement prior to the issue being joined on the merits. Fisher v. Williams, 160
Tex. 342, 331 S.W.2d 210, 213-14 (1960); see Tex. R. App. P. 33.1(a)(1)(A)(B).
         Moreover, appellants incorrectly state that the administratrix is not a “party” in
interest in the heirship hearing and appeal. The only authority cited by appellants,
Muse, Currie & Cohen v. Drake, 535 S.W.2d 343 (Tex. 1976), does not apply
because it involved an administratrix in a will contest who lacked standing because she
was not an interested party, whereas, the instant case is a suit for determination of
heirship by a personal representative who has the statutory duty to determine the
existence of any potential heirs and their respective interests. See id. at 343-44. 
          Provisions of the Texas Probate Code which define whether a person is an heir,
or an interested person who has standing, are as follows:
“Heirs” denote those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a
decedent who dies intestate. Tex. Prob. Code Ann. § 3(o). (Vernon
2003).
 
“Interested persons” or “persons interested” means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward. Tex. Prob. Code Ann. § 3(r). 
(Vernon 2003).
 
A proceeding to declare heirship may be instituted and maintained by the
personal representative of the estate . Tex. Prob. Code Ann. § 49. 
(Vernon 2003).

Distribution of the net assets of an estate to the heirs is one of the primary duties of
a personal representative. Bailey v. Cherokee Cty. Appraisal Dist., 862 S.W.2d 581,
584 (Tex. 1993).
         By awarding attorney’s fees, the trial court did not make an error of law which
probably caused the rendition of an improper judgment, or probably prevented the
appellants from properly presenting the case to the court of appeals. Tex. R. App. P.
44.1(a)(1)(2).
         Appellants’ fourth and fifth issues are overruled. 
         Appellants’ issues six and seven argue there was no evidence or insufficient
evidence that Anglin was a daughter of the deceased. Appellants contend that the
testimony of Suzie Mayo Smith, Anglin’s mother, that the deceased was Anglin’s
father amounted to no more than a scintilla of evidence when compared with the
remaining testimony. 
         In reviewing no evidence points, we must review the evidence in a light which
tends to support the finding of the disputed fact and disregard all evidence and
inferences to the contrary. Weirich, 833 S.W.2d at 945. As noted previously, Melba
Rutherford also testified that Anglin was one of the deceased’s daughters. The
testimony of Melba and Suzie support the trial court’s finding that Anglin is a daughter
of the deceased, and we disregard appellants’ testimony and evidence to the contrary.
The trial court’s finding was supported by more than a scintilla of evidence. See id.
         Appellants’ sixth and seventh issues are overruled.
         The judgment of the trial court is affirmed.
 
                                                                                                  
                                                               MAURICE AMIDEI, 
                                                               Justice
 
Opinion delivered and filed
this 22nd Day of January, 2004.