

# NUMBER 13-17-00212-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PEGGY FRANKLIN,                                                      Appellant,

v.

DAVID JAMES, CINDY JAMES, TERRAL
BULLOCK, AND CHERYL BULLOCK,                          Appellees.

On appeal from the 24th District Court
of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

By five issues, appellant Peggy Franklin appeals pro se from a judgment partitioning a tract of land. Franklin challenges certain evidence that was introduced at trial. Because the record contains no indication of what this evidence might have been, we affirm.

## I. BACKGROUND

### A. Proceedings Before the Trial Court

On February 25, 2016, appellees David James, Cindy James, Terral Bullock, and Cheryl Bullock filed their original petition for partition of fifty acres of land situated in DeWitt County, Texas ("the land"). Appellees alleged that together, they owned an undivided 54.767% interest in the land. According to the petition, the remaining 45.233% was owned, in fractions, by twenty-eight defendants or their unknown heirs.[1]

Appellees sued Franklin, among others. They alleged that Franklin owned a .0296% interest in the land. Franklin retained counsel and, on March 24, 2016, filed an answer and general denial. On June 21, 2016, Franklin joined three other defendants in filing a joint amended answer, along with counterclaims for declaratory judgment and a try-title action. Franklin alleged that she had superior title to appellees because she was heir to Dennis Williams, who once owned the land.

By the time of trial, the appellees had amended their petition to allege that they owned 61.4632% of the land. They continued to assert that Franklin owned a .0296% interest.

The case was set for a bench trial on December 21, 2016. No reporter's record of the proceedings has been submitted to this Court.

On March 9, 2017, Franklin submitted a letter to the trial court explaining her view that a certain document introduced into evidence at trial was "not all true—a false

---

[1] The trial court signed orders permitting substitute service by publication for sixteen of the defendants whose names or addresses could not be determined, and an attorney ad litem was appointed to represent their interests.

document."   Franklin attached to her letter what appears to be a death certificate, which, according to the letter, showed that the evidence at trial was false.   In her brief to this Court, Franklin does not identify or explain the document in question, or how the death certificate might relate to that document.

Franklin's attorney filed a motion to withdraw on March 23, 2017.

On April 11, 2017, the trial court signed a statement of evidence describing the trial proceedings and the evidence presented.   *See* TEX. R. CIV. P. 244.   According to the statement, six exhibits were introduced at trial:   a survey map of the land, two deeds conveying the land, two family history charts, and a list of all owners and their respective interests.   The appellate record does not include a volume of trial exhibits, and Franklin does not explain if—or where—these exhibits appear in the clerk's record.

Also on April 11, 2017, the trial court entered a judgment granting the partition. The judgment declared that appellees together had an undivided 61.4632% interest in the land, Franklin had an undivided .0296% interest, and other defendants shared the remaining interest.   The judgment provided that because partition in kind was impossible, the land would be sold, and the proceeds split in proportion to the owners' interests.

Franklin timely filed her notice of appeal on April 24, 2017.

## B.      Proceedings Before this Court

On April 27, 2017, Franklin was informed that her notice of appeal did not comply with Texas Rule of Appellate Procedure 9.5(e).   *See* TEX. R. APP. P. 9.5(e).

By letter, the Clerk of this Court also informed Franklin that she was required to file a docketing statement within fifteen days, and that she should make a written request to

3

the court reporter and make arrangement to pay for the appellate record within ten days. Franklin was also advised that this Court's website includes a wide variety of useful links and specific information about how to obtain access to appellate records.

On May 4, 2017, Franklin filed a "Designation of Record of Instrument Sec. 12.001 Request" with the district clerk for DeWitt County.   In it, she designated the following:

1.      The Eviction notices that was at J.P. court (both of them)[.]

2.      Letter that was sent to the Heirs about them signing their land over to the James'.   Made them scared.

3.      Writing of court report of what was said in court.   The Original, correct one.   Not the one you gave to our attorney to us.   Not correct about what was said in Court on that day in court.   Need all info of that day.

4.      Need some subpoenas.

5.      Need proof of #65991 (Arthur Barnett).

6.      Need a physical survey.   50 acres from which a Black Jack 5 diam. (landmark)

We tried to but wouldn't allow surveyor to do one.

Attached to Franklin's designation of record were many documents.   There was no indication whether these documents were presented at trial and no explanation of the significance of the documents.   On May 18, 2017, the district clerk for DeWitt County forwarded Franklin's Designation of Record of Instrument Sec. 12.001 Request and the attached documents to this Court.

The reporter's record in this action was due on June 12, 2017.   On June 21, 2017, this Court sent a letter to the court reporter notifying her that the reporter's record had not been received and requesting that she file the record within thirty days.   On June 22,

4

2017, the court reporter filed with this Court a request for extension of time to file the record, explaining that Franklin had not requested a reporter's record and had not arranged to pay for the record.

On July 27, 2017, this Court sent a letter to Franklin indicating that the reporter's record was weeks overdue. We explained that unless she forwarded proof that she had cured the defect within ten days, this Court would consider and decide only those issues that did not require a reporter's record for a decision.

On August 8, 2017, we received a copy of a letter which Franklin drafted to the court reporter on August 1, 2017. In it, Franklin requested the reporter's record and indicated her desire to make arrangements to pay for the record.

On August 18, 2017, this Court notified Franklin that the case would be submitted for consideration on the briefs alone, concerning only those issues which could be resolved without a reporter's record. This Court's letter further stated that her brief, received on June 2, 2017, was noncompliant with Texas Rules of Appellate Procedure 9.4(d), (e), (h) and (i)(3), rule 9.5, and rule 37.1(d), (g) and (i). *See id.* R. 9.4(d), (e) & (h), 9.5, 37.1(d), (g) & (i). Franklin did not subsequently make arrangements to pay for the reporter's record.

## II. DISCUSSION

In her pro se brief, Franklin describes her five appellate issues as follows:

1. A sister fired because assistance with document of false doing.

2. JP court granted our plea.

3. Judge was not accepting of our Lawyer's, McKen Carrington, objections.

5

4.      Wanting me to agree with his line of questioning, which would lead us down a wrong path.

5.      Counted wrong signature and unnotarized document in the percentage.

As we understand her contentions, Franklin asserts that the trial court erred in overruling her objections to certain evidence introduced at trial. The nature of Franklin's issues requires us to review the reporter's record in order to assess the preservation and merits of her complaints. *See Parrish v. Rutherford*, 159 S.W.3d 114, 117 (Tex. App.—Corpus Christi 2004, no pet.) (considering the lack of a reporter's record to be dispositive on the question of whether an appellate issue had been preserved). However, Franklin has not arranged for a reporter's record to be filed with this Court.[2]

At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record. TEX. R. APP. P. 34.6(b). The burden of providing a record showing error requiring reversal is on the appellant. *Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 257 (Tex. App.—Corpus Christi 2014, no pet.). The appellant cannot prevail in any evidentiary challenge without first meeting her burden of presenting a sufficient record on appeal. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Without any means of reviewing the evidence and proceedings that are the

---

[2] In her brief, Franklin acknowledges the following:

The right of self-representation carries with it the responsibility to adhere to our rules of procedure and evidence, including the rules of appellate procedure if parties choose to represent themselves at the appellate level. *Bolling* [*v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.)]; *see Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978). Courts regularly caution pro se litigants that they will not be treated differently than a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

subject of appellant's appeal, we cannot reverse the trial court's order.  *See Williams Farms*, 443 S.W.3d at 258.

Because Franklin has not arranged for the filing of a reporter's record, Franklin has not carried her burden to demonstrate her entitlement to reversal.  *See id.* at 257.  We overrule Franklin's issues.

### III.  CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ<br>
Justice

Delivered and filed the
17th day of May, 2018.

7